[No. 20813.   Department Two.   December 8, 1927.]

JAMES BURCHETT, *Respondent,* v. DEPARTMENT OF LABOR
AND INDUSTRIES, *Appellant.*[1]

[1] MASTER AND SERVANT (20-1)—WORKMEN'S COMPENSATION—RE-
LATION OF PARTIES—WORKMAN OR INDEPENDENT CONTRACTOR. The
owner of a truck, engaged to haul logs, is an "employee" and
not an "independent contractor" and should be ·classed as a
"piece worker," within the workmen's compensation act, where
there was no certain quantity of logs to be hauled or any
certain time for delivery, the engagement was personal, the
work to be done with his truck only, and he could be dismissed
at any time, although the compensation was to be by the
thousand feet rather than by the day (MAIN, J., dissenting).

Appeal from a judgment of the superior court for
Spokane county, Webster, J., entered July 18, 1927,
upon findings in favor of the plaintiff upon his claim
against the industrial insurance fund, reversing an
order of the department of labor and industries, after
trial on the merits to the court.   Affirmed.

*The Attorney General* and *Mark H. Wight, Assist-
ant,* for appellant.

*Clyde H. Belknap,* for respondent.

HOLCOMB, J.—Respondent filed a claim for compen-
sation with the department of labor and industries
claiming an injury on January 3, 1927, resulting in
hernia.   The department, after investigating the
claim, rejected it on the ground that the claimant was
not a workman, but an independent contractor.   The
claimant thereupon appealed to the superior court of
Spokane county, where the cause was tried and judg-
ment rendered reversing the decision of the depart-
ment.

¹Reported in 261 Pac. 802; 263 Pac. 746.

The record is short and the facts are undisputed. Respondent entered upon a service of some kind for one Christensen, whereby he agreed to haul logs for Christensen, furnishing his own truck and gas, and his own services, and to be compensated therefor at the rate of four dollars per thousand feet for all logs hauled. No definite quantity of logs was specified, respondent thus being free to quit at any time and Christensen being free to discharge him at will. From the time of the commencement of the work, it was continuous, respondent working until he was hurt, and hauling for no other person than Christensen during the period. Respondent hauled only the logs which were loaded upon his truck by other employees of Christensen in the woods, and was not permitted to haul any other logs. He unloaded the logs at a place designated by Christensen. Respondent was obliged to report at a certain time in the morning, when the other employees of Christensen were at hand to load the logs upon his truck. He was not permitted to carry any passengers upon his truck during the hauling, nor permitted to leave the logs on the truck over night.

It is upon these facts that the trial court found that respondent, at all times while hauling the logs, was subject to the supervision of Christensen; that Christensen might at any time terminate the employment and that respondent was not in any sense an independent contractor. Upon the foregoing findings, the trial court concluded that the relation between Christensen and respondent at the time of the injury was that of master and servant, and that he was entitled to recover under the workmen's compensation act.

[1] The only question before us is whether respondent was an employee or an independent contractor.

If respondent was an employee, he was a workman within the contemplation of the workmen's compensation act, wherein "workman" is defined as one engaged in the employment of an employer. Rem. Comp. Stat., § 7675 [P. C. § 3470].

Appellant forcefully contends that under our decisions, regardless of the requirement of liberality in construction of the workmen's compensation act as to those entitled to its benefits, an independent contractor is defined the same as at common law. As to our decisions defining independent contractor according to the common law meaning thereof, see *Engler v. Seattle,* 40 Wash. 72, 82 Pac. 136; *Cary v. Sparkman & McLean Co.,* 62 Wash. 363, 113 Pac. 1093; *Glover v. Richardson & Elmer Co.,* 64 Wash. 403, 116 Pac. 861; *North Bend Lumber Co. v. Chicago, Milwaukee & St. Paul R. Co.,* 76 Wash. 232, 135 Pac. 1017; *Watson v. Hecla Mining Co.,* 79 Wash. 383, 140 Pac. 317; and as applied to the workmen's compensation definition itself, *Machenheimer v. Department of Labor & Industries,* 124 Wash. 259, 214 Pac. 17.

On the contrary, the trial court accepted the contention of respondent and, in summing up the case, said:

"There is nothing binding on either of these parties except the rate of wage. The employee could quit as soon as he began, and the employer could have stopped him before he started. The first morning he appeared with his truck the employer could have said 'I do not want you to do this work,' and dismissed him."

Respondent quotes 12 R. C. L., 74-75, as follows:

"The fact that a person is paid by the piece or by the job, though indicating that he is an independent contractor, is not conclusive on the question, and he may nevertheless be held to be a servant. Particularly is this so when there is no definite amount of work to be done and either party is at liberty to terminate the

employment whenever he wishes, and the employee receives pay for just the amount of work done.''

And further, 14 R. C. L., 72:

''The power of an employee to terminate the employment at any time is incompatible with the full control of the work which is usually enjoyed by an independent contractor, and hence is considered as a strong circumstance tending to show the subserviency of the employee. Indeed, it has been said that no single fact is more conclusive, perhaps, than the unrestricted right of the employer to end the particular service whenever he chooses, without regard to the final result of the work itself.''

The following is also quoted from 14 R. C. L., 68:

''.  .  .  the fact that the employer has actually exercised control is properly considered as tending to show that he has a right to control.''

We confess that the question here is a most difficult one. The distinction between an employee or servant and an independent contractor has been considered by the courts in numberless cases, but no statement of the rule has yet been made which perfectly fits every case.

It will be observed that, in this case, there was no definite result to be accomplished; that is, there was no certain quantity of logs to be hauled or any certain time within which any delivery was to be made. The hiring seems to have been personal. Respondent probably had no right to employ another to take his place to do the hauling with his own truck. Even though the compensation was to be by the thousand feet rather than by the day, the manner of compensating is only one element to be considered in determining whether one is an independent contractor or an employee.

All well reasoned authorities, including our own, are to the effect that there must be control, not only as to method but as to detail, to constitute employment. That is the effect of our decision in the *Machenheimer* case,

*supra,* where it was shown that the work was done by a partnership in repairing boilers, and that the manner of the repairing was entirely entrusted to the one sent to do the work, the employer's superintendent only designating which boiler was to be repaired first, and which next, and how many flues in each boiler were affected and needed repairing, but left the workman to do the work as he pleased. There was no control over the method or details of the work.

In this case, while it is by no means free from doubt, it would appear that there was sufficient control by the employer over the method and details of doing the work to constitute respondent an employee or servant.

While we have read the great many cases cited by the parties in their briefs, and others to which they referred, the confusion is so great and the distinctions so intricate that we see no benefit in citing or discussing them. The case seems to be within the rules stated in R. C. L., *supra.*

While the decisions of the industrial insurance department or its customs are not controlling upon us, it appears from the record that the department advised respondent on January 19, 1927, that it had always held that "the hauling of lumber by the thousand feet, where there was no contract entered into, and where the employer could stop the proceedings at any time, was 'piece work,' and the piece worker was classed the same as an employee."

We think, in this case, the respondent should be classed as a "piece worker" being paid by the piece and rendering personal services for an employer, and therefore within the meaning of the workmen's compensation act, a workman.

The judgment of the lower court is therefore affirmed.

MACKINTOSH, C. J., and ASKREN, J., concur.

MAIN, J. (dissenting)—In my opinion the respondent was an independent contractor and for this reason I dissent from the majority view.

## ON REHEARING.

[*En Banc.* February 6, 1928.]

PER CURIAM.—Upon a rehearing *En Banc,* a majority of the court adheres to the opinion heretofore filed herein. The judgment of the lower court is therefore affirmed.