[No. 25389. Department One. April 2, 1935.]

FRED FITZGERALD, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.[1]

[1]Reported in 42 P. (2d) 805.

*The Attorney General* and *Browder Brown, Assistant,* for appellant.

*Lester Whitmore,* for respondent.

MAIN, J.—This is an appeal from a judgment of the superior court reversing an order of the department of labor and industries which rejected the claim of one Fred Fitzgerald, an injured workman. In addition to the reversal of the order, the judgment directed that the cause be remanded to the department with direction to pass upon and determine the merits of the claim.

August 23, 1932, Fitzgerald, the claimant, was injured while employed by Whatcom county in extra-hazardous work upon a highway. Thereafter, a claim was filed, and time loss was paid until October 21, 1932, when it was closed. Fitzgerald applied for a rehearing before the joint board, which was granted. After that hearing, an order was entered disallowing the claim, "upon the grounds that claimant was not em-

ployed as a workman at the time of the injury." From this order, the claimant appealed to the superior court, with the result above stated.

At the time of his injury, the claimant was employed upon what is referred to as "indigent relief" work. He was to receive five dollars per day for his own labor and the use of a truck which he owned and which was used upon the work, three dollars of which compensation was for the use of the truck and two dollars for his own labor. For the two dollars, he was issued a ticket or certificate, cashable in groceries and merchandise at the county commissary. The commissary was financed from the proceeds of the sale of Whatcom county indigent relief bonds.

The only question presented upon the appeal is whether one engaged in unemployment or indigent relief work which is financed out of a bond issue for that purpose, is a workman within the contemplation of the workmen's compensation act. The contention of the appellant is that the claimant here is not entitled to such compensation when thus employed and paid. This contention was definitely rejected in the recent case of *Garney v. Department of Labor & Industries,* 180 Wash. 645, 41 P. (2d) 400, where the exact question here presented was decided. In that case, the question was fully considered, and is now at rest so far as this jurisdiction is concerned. Under the holding in that case, the claimant in this case was a workman within the contemplation of the workmen's compensation act.

The judgment will be affirmed.

MILLARD, C. J., BEALS, and GERAGHTY, JJ., concur.

TOLMAN, J. (concurring in the result)—I concur in the result for the reason stated in my concurrence in the case of *Garney v. Department of Labor and Industries,* 180 Wash. 645, 41 P. (2d) 400.