[No. 26453. Department Two. May 19, 1937.]

GEORGE D. NICHOLS *et al., Respondents,* v. PACIFIC COUNTY, *Appellant.*[1]

*John I. O'Phelan, Roy W. Seagraves,* and *Fred M. Bond,* for appellant.

*Welsh & Welsh,* for respondents.

ROBINSON, J.—George D. Nichols, who was injured on April 16, 1934, by the caving in of a ditch in which he was working, brought this action, alleging, in substance, that he was, at the time, employed by Pacific county; that the work in which he was employed was extrahazardous; that the county failed to include him on any payroll furnished to the state department of labor and industries; that the proximate cause of his injury was the county's negligence; and that he had duly filed a claim with the county, which had been rejected. On a trial of the action, the plaintiff re-

[1]Reported in 68 P. (2d) 412.

covered a verdict, and from the judgment entered thereon, this appeal was perfected.

On the oral argument in this court, the attorney then representing the county stated, in substance, that the only substantial question presented by the appeal was whether or not Nichols was, in fact, employed by the appellant county at the time of his injury. This opinion will, therefore, be confined to that question, and, as the case was tried by a jury which resolved the question in favor of the plaintiff, we are limited to the inquiry as to whether or not there is any substantial evidence in the record supporting the allegation of county employment.

It appears that Nichols owned some land adjacent to a road. A culvert ran under the road in such a way that it not only failed to adequately drain the land across the road from the Nichols property, but discharged the water on his side in such a manner as to wash away and erode his land. At his request and insistence, the county authorities decided to lower the culvert. This operation necessitated the digging of a deep ditch, partly on Nichols' premises. It was while working on this project and on that portion of it which was on his own land that Nichols was injured. The facts that the work was done at his request and that he was injured upon his own land have, in our opinion, no bearing upon the question under discussion.

Nichols testified that he was employed by V. M. Bullard and E. K. Robertson, who were, respectively, county commissioner and road supervisor of that district. Both Bullard and Robertson testified that they did not employ Nichols. The statements of all three witnesses are, of course, but mere conclusions. The evidence shows without any dispute that Nichols asked Bullard and Robertson for work, and that they put him to work on the culvert. It is equally clear that,

when they did so, they gave him a C. W. A. or welfare board card from which he must have understood that he was not to receive cash wages from the county. It is not clear, however, that this was an official C. W. A. project. The then C. W. A. administrator testified that he knew nothing about any such project, at least not until after the accident happened, and the card introduced in evidence bore the designation "Project 210B," which the administrator testified was not a number used to designate projects in Pacific county.

It is undisputed that the project was concerned with the improvement of a road; that the work was initiated and carried on under the supervision of the county commissioner and the road supervisor of the district; that other workmen on the job were on the county payroll; that the tools were furnished by the county; that the foreman, who directed the work and caused the deep ditch to be dug without the use of cribbing, was in the employ of the county; and, that, if there was negligence resulting in Nichols' injury, that negligence was the negligence of the county.

It is argued that Nichols was not in the employ of the county because, it is said, he was not paid by the county; but there is a well-established rule to the effect that, if A loans his servant to B, under such circumstances that B assumes complete control and direction of the servant's work, B becomes his master for the time being, even though his wages are paid by A.

It seems, also, that Nichols may well be held to have been an employe of the county, even if his compensation took the form of welfare orders, under the decisions of this court in *Garney v. Department of Labor & Industries,* 180 Wash. 645, 41 P. (2d) 400, and *Fitzgerald v. Department of Labor & Industries,* 181 Wash. 325, 42 P. (2d) 805, as interpreted in *Lawe*

*v. Department of Labor & Industries,* 189 Wash. 650, 66 P. (2d) 848.

At all events, it is impossible to see how the trial court could, in this case, have held, as a matter of law, that Nichols was not employed by the county. That being so, the question was for the jury, and its verdict must stand.

The judgment is affirmed.

STEINERT, C. J., HOLCOMB, BEALS, and TOLMAN, JJ., concur.