[No. 27148. Department Two. November 14, 1938.]

FRANK BLAKE, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.[1]

*The Attorney General, T. H. Little* and *J. A. Kavaney, Assistants,* for appellant.

*Maslan & Maslan* and *L. L. Mendel, Jr.,* for respondent.

BEALS, J.—During the summer and fall of 1935, the city of Seattle was engaged in construction work, including some road building, in Whatcom and Skagit

[1]Reported in 84 P. (2d) 365.

counties, all in connection with the Skagit river hydroelectric project. In the course of the carrying out of the plan, a road was being constructed near Ruby camp, in the vicinity of Diablo. This road was being built pursuant to plans and specifications prepared by engineers in the employ of the city of Seattle, and an employee of the city was in charge of the operation. The building of the road was part of the development of the Ruby basin, and evidently was deemed necessary in connection with the construction of the Ruby dam.

During the period mentioned, the transient division of the state department of public welfare maintained a camp near Ruby, to which the welfare department assigned men who were in need of relief. These men engaged in work in furtherance of the Skagit project. The city of Seattle, through its lighting department, furnished the camp equipment, quarters, clothing, and subsistence for the men, the welfare department paying them a small weekly wage. The camp was in charge of Mr. Arthur Schacht, who received a salary from the welfare department, the city of Seattle paying him an additional $75 per month. The city of Seattle, by ordinance, had appropriated a considerable sum for the purpose of furnishing board, lodging, and necessary equipment for the men who were occupying the camp.

The respondent herein, Frank Blake, was sent to the camp by the department of welfare, and while there became a member of a crew of men who were engaged in loading and unloading necessary supplies to be used in the construction work above referred to. September 23, 1935, while engaged in this work, Blake was injured by the falling of a gasoline drum, the crew of which he was a member being then en-

gaged in loading such drums on a boat, to be taken to Ruby camp.

Thereafter, Blake claimed compensation from the department of labor and industries, which denied his claim upon the ground that, at the time he was hurt, Blake was not engaged in work within the jurisdiction of the division of industrial insurance. From this ruling of the supervisor, Blake appealed to the joint board, which sustained the order denying the claim. Blake then appealed to the superior court, and the hearing on his appeal resulted in the entry of a judgment reversing the order of the joint board and directing that Mr. Blake be allowed compensation. From this judgment, the department has appealed.

Appellant assigns error upon findings of the trial court to the effect that the respondent was in the employ of the city of Seattle, was being in part paid by the city, was engaged upon necessary construction work for the city, and that the evidence established that, at the time of his injury, respondent was engaged in extrahazardous employment within the jurisdiction of the division of industrial insurance. Error is also assigned upon the court's conclusion that respondent was entitled to the protection of the industrial insurance act, and upon the entry of judgment in respondent's favor.

Appellant relies upon three recent decisions of this court, contending that these cases call for the reversal of the judgment herein, while respondent cites other cases which he contends require that the judgment be affirmed.

Appellant relies upon the cases of *Lawe v. Department of Labor & Industries,* 189 Wash. 650, 66 P. (2d) 848; *Brooks v. Seattle,* 193 Wash. 253, 74 P. (2d) 1008; and *Reid v. Department of Labor & Industries,* 194 Wash. 108, 77 P. (2d) 589.

In the *Lawe* case, this court held that a workman, injured while painting the interior of a building used by the county welfare board in connection with its program, the workman being paid through the state welfare department from both Federal and state funds, was not within the protection of the state industrial insurance statute. The workman relied upon Rem. Rev. Stat., § 7692 [P. C. § 3485], which reads in part as follows:

"Whenever the state, county, any municipal corporation or other taxing district shall engage in any extrahazardous work, or let a contract therefor, in which workmen are employed for wages, this act shall be applicable thereto . . ."

In the course of the opinion, we said:

"Here, we have no employer who was bound to perform any work of any character; but, on the contrary, we have the sovereign state acting through a special executive agency in conjunction with the Federal government engaged in distributing relief to its distressed citizens, and nothing more. If, as an incident to that distribution of relief, work was provided to assist in maintaining the self-respect of those in need, that did not change the character of the undertaking in any degree."

It was held that, under the facts shown, the state had not placed itself under the industrial insurance act, as, in connection with the work in which Mr. Lawe was engaged, the state was not engaging in industry.

In the case of *Brooks v. Seattle, supra,* it was held that the widow and minor children of a workman who lost his life while engaged on a civil works project being carried out by the Federal government, consisting of the construction of a bridge which the city desired in connection with its water system, could not maintain an action against the city based upon the alleged negligence of the city in the construction of

the bridge, which negligence it was alleged resulted in Mr. Brooks' death. The Federal government provided the workmen and paid their wages, while the city furnished plans, specifications, and material, and supervised the work. The court concluded that the Federal government assumed the execution of the project in furtherance of the general welfare; and that, even though the city furnished for the project both materials and the services of its department of engineering, the city was not liable for the death of a workman engaged upon the project, even though occasioned by the negligence of some person assisting in the construction of the bridge. This court held that the Federal government had assumed the execution of a project which the city had tendered to the Federal civil works administration, together with the city's application for the adoption of the project by the Federal government. The judgment of the superior court in favor of the city was affirmed.

In the last case relied upon by appellant, that of *Reid v. Department of Labor & Industries, supra,* this court decided that an injured workman was not entitled to the benefit of the industrial insurance act, because the basic element necessary to bring a workman within the provisions of the act, namely, that of employer and employee engaged in extrahazardous occupation, was wanting. It appeared that Mr. Reid, the workman, was employed by the Washington emergency relief administration, in the construction of a city hall for the town of Everson. While in the course of his employment, he suffered an injury, for which he claimed compensation from the division of industrial insurance. This court discussed Laws of 1933, chapter 8, p. 103 (Rem. Rev. Stat. (Sup.), § 9992-1 [P. C. § 4418-41] *et seq.*), creating the WERA, the operations of this administration, and the method of dis-

bursing funds in the course thereof. It appeared that the city hall, in the course of the construction of which Mr. Reid was injured, was built by and under the direction of the WERA; that the town of Everson did not participate in building the city hall, either through a grant in aid thereof or otherwise, nor did the town, directly or indirectly, employ Mr. Reid. As stated in the opinion,

"The WERA, acting as a purely relief agency of the state, constructed the building with labor employed and paid for immediately by it. The mere fact that the municipality ultimately received the benefit of the construction is immaterial to the issues here."

Following the decisions in the other two cases above cited, and distinguishing other opinions of this court, which we shall discuss below, this court held that the workman was not within the protection of the act.

Respondent cites the case of *Garney v. Department of Labor & Industries,* 180 Wash. 645, 41 P. (2d) 400. In that case, it appeared that Mr. Garney had been hired by one of the county commissioners to work on a public road in Skagit county. He was under the immediate direction of a foreman employed by the county, and was paid from the county indigent relief fund, which had been augmented by the sale of county bonds. Mr. Garney was injured, and filed his claim with the department of labor and industries. The department ruled that he was not an employee, as the work upon which he was engaged was emergency relief work. This court held that the work upon which Mr. Garney was engaged was extrahazardous, within the meaning of the act; that the county was an employer; and that its employee was entitled to the benefit of the statute. Many cases from other jurisdictions were discussed by this court; one line of authority

was repudiated and another followed. The judgment of the superior court in Mr. Garney's favor, reversing the ruling of the department against him, was affirmed, this court holding that he was entitled to the protection of the statute. It was held that it was immaterial whether the workman was paid in cash, by warrant or scrip, or by delivery of merchandise.

In the case of *Fitzgerald v. Department of Labor & Industries*, 181 Wash. 325, 42 P. (2d) 805, the rule laid down in the *Garney* case was followed, and it was held that one employed by Whatcom county in extrahazardous work upon a highway was within the protection of the workmen's compensation act, notwithstanding the fact that, at the time he was injured, the workman was engaged in what was known as indigent relief work, and that he received for his personal service a certificate redeemable in merchandise at the county commissary.

In the case at bar, it appears that respondent was sent by some relief agency to the camp above referred to, and was put to work, with other men similarly situated, on a boat operating between Diablo and Ruby creek, carrying supplies from the former station to the latter. This work was part of the operations conducted by the city of Seattle in the improvement and extension of the Skagit river hydroelectric project, road building being included in the work. Respondent was injured while assisting in transferring sixty gallon drums, containing gasoline, from the dock to the boat. The foreman who was in immediate charge of the crew of which respondent was a member was employed both by the county relief agency and by the city of Seattle, and respondent received from the city clothing, lodging and board. In addition, he received from the relief agency three dollars a week in cash.

The work which the city of Seattle was carrying on at the Skagit was a part of its regular municipal operations in connection with that project. A considerable portion of the compensation of respondent's foreman was paid in cash by the city. We cannot put a cash estimate upon the clothing, board, and lodging which the city was furnishing to respondent, but these items represented substantial value, and cannot be considered as merely nominal compensation.

In the case of *Fitzgerald v. Department of Labor & Industries, supra,* it appeared that the claimant was paid five dollars a day for the use of a truck which he owned, and for his own labor in operating the same. Three dollars of this was paid in ·cash for the use of the truck, the two dollars for claimant's own labor being paid in merchandise. Following the *Garney* case, it was held that the method of paying the workman was immaterial.

The facts disclosed by the record bring this case within the rule laid down in the *Garney* and *Fitzgerald* cases. Respondent was working for the city of Seattle. That he was sent to the scene of operations by a relief agency, is immaterial. He received compensation from the city for his labor, was engaged in extrahazardous work, and was injured in the course of his employment. The work upon which respondent was employed was part of the regular and apparently necessary plan followed by the city in the construction and extension of its Skagit project. We hold that respondent was an employee of the city, within the terms of the statute.

The trial court correctly held that respondent was within the protection of the workmen's compensation act, and the judgment appealed from is affirmed.

STEINERT, C. J., SIMPSON, and GERAGHTY, JJ., concur.

MILLARD, J. (concurring in the result)—We held in *Garney v. Department of Labor & Industries,* 180 Wash. 645, 41 P. (2d) 400, that it was sufficient to create the relationship of employer and employee within the provisions of the workmen's compensation act if the county is engaged in extrahazardous work and the worker be engaged for compensation in the performance of such work by someone authorized by the county to hire him; that it was no concern of the department of labor and industries as to how the workmen were paid—whether it be by cash, warrant, scrip, or supplies. *Thurston Co. Chap. Amer. etc. v. Department of Labor & Industries,* 166 Wash. 488, 7 P. (2d) 577, was distinguished on the ground that the Red Cross was a charitable organization, and, as such, it was not an employer within the terms of the workmen's compensation act, and that the workmen involved in the controversy were employees of the Red Cross chapter and not employees of Thurston county, although the county could discharge the employees.

In effect, we held in *Garney v. Department of Labor & Industries, supra,* as the author of that opinion stated in his dissenting opinion in *Lawe v. Department of Labor & Industries,* 189 Wash. 650, 66 P. (2d) 848, that the source of the money for payment of wages or whether the work being performed is regular or necessary is wholly beside the question of the workman's right to compensation. In other words, we are committed to the rule that, if the city or county engage one for compensation in the performance of extrahazardous work in which the city or county is engaged, the relationship of employer and employee is created and the employee is under the protection of the workmen's compensation act, irrespective of the fact whether the compensation of the employee be by supplies, or whether he be paid in cash which is contributed by a

charitable organization, or by the Federal government in whole or in part.

Whether the work is provided for the purpose of distributing relief or whether the workman is employed by the county or city to perform work which the municipal corporation was authorized and required to perform, is not important, in view of the rule announced in *Garney v. Department of Labor & Industries, supra.* See, *contra, Reid v. Department of Labor & Industries,* 194 Wash. 108, 77 P. (2d) 589.