## SCOTT v. BOARD OF COUNTY COM'RS OF GARVIN COUNTY et al.

No. 30213.　Nov. 12, 1941.

*119 P. 2d 56.*

Fred M. Hammer and Major J. Parmenter, both of Oklahoma City, for petitioner.

Mont R. Powell and Preston Peden, both of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by Jessie Scott, hereinafter referred to as petitioner, to obtain a review of an order made on January 6, 1941, by a trial commissioner of the State Industrial Commission which denied on jurisdictional ground a claim of the petitioner to an award of compensation against Garvin county, hereinafter referred to as respondent.

The petitioner, on October 14, 1935, while employed on a highway relief project which had been set up in pursuance to the provisions of the Federal Emergency Relief Act of 1933 (48 Stat. 55, 15 U.S.C.A. §§ 721-728), and which was being sponsored by the respondent, sustained a severe accidental injury for which he sought compensation under the provisions of the Workmen's Compensation Act (O. S. 1931, section 13348 et seq., as amended, 85 Okla. St. Ann. § 1 et seq.). Liability was denied on the ground that the relation of employer and employee did not exist and upon

the further ground that the employment was not one of those covered by the Workmen's Compensation Act (supra). As a result of hearings held to determine liability, the trial commissioner made the following findings of fact, to wit:

"That at the time of the alleged accidental injury the respondent was not engaged in a business or occupation covered by or subject to the jurisdiction of the Workmen's Compensation Law of Oklahoma."

Pursuant to the foregoing finding the claim of petitioner was denied for lack of jurisdiction to make any award in his favor.

The petitioner assigns four specifications of error and illegality in said order and presents them all under the following proposition:

"Under the law and the evidence claimant was an employee of Garvin county, doing manual labor connected with and incident to a hazardous occupation as defined by the Workmen's Compensation Law."

Under the foregoing proposition petitioner urges, in substance, that although he was engaged on a project contemplated by the Federal Emergency Act of 1933 (48 Stat. 55, 15 U. S. C. A. §§ 721-728) and paid out of funds provided by said act, since he was working under the direction and supervision of the respondent upon a project which was beneficial to it and in an occupation which would ordinarily come within the provisions of the Workmen's Compensation Act, supra, that therefore he should have been held to have been an employee of the respondent and given an award of compensation for the disability which he had sustained as a result of his injury. In support of the contention so made we are cited to Hendershot v. City of Lincoln, 136 Neb. 606, 286 N. W. 909; Weber County-Ogden City Relief Committee v. Industrial Commission of Utah et al., 93 Utah, 85, 71 P. 2d 177; Blake v. Department of Labor and Industries of Washington, 196 Wash. 681, 84 P. 2d 365; and Olivieri v. City of Bridgeport, 126 Conn.

265, 10 Atl. 2d 770, 127 A. L. R. 1471, and cases collected and cited in support of the minority rule under the annotations in 96 A. L. R. 1154 and 127 A. L. R. 1483.

The relation of employer and employee is a first prerequisite to any award under the provisions of the Workmen's Compensation Act (see Mastin v. Black, 176 Okla. 46, 54 P. 2d 399; Trustees of Masonic Lodge of Elk City v. Smith, 161 Okla. 200, 17 P. 2d 430), and such relation is created either by contract, express or implied, or the unequivocal acts of the parties which recognize the relationship (Campbell Oil Co. v. Elledge, 177 Okla. 601, 61 P. 2d 223), but it is not by any means the sole prerequisite. It is just as essential that the employment in which the injury is sustained be one which is covered by the provisions of the Workmen's Compensation Law. Veazey Drug Co. v. Bruza, 169 Okla. 418, 37 P. 2d 294.

The relation between the petitioner and the respondent did not arise by reason of any contract, express or implied, or as the result of any unequivocal acts on their part which would recognize the relation of employer and employee, but rather in consequence of the enactment by Congress of the commonly called Federal Emergency Relief Act of 1933, same being 48 Stat. 55, 15 U. S. C. A. §§ 721-728, and under which grants were made to the several states and territories to aid in the relief of the suffering and hardship which had been brought about by widespread unemployment. In order to administer the relief provided by said act and legislation amendatory thereof, there was set up in this state an organization known as the Oklahoma Emergency Relief Administration, commonly referred to as the OERA. This organization had the task of ascertaining and enrolling the persons entitled under the law to relief and to obtain some county, city, or other municipality to act as a sponsor for some worth-while project which would afford the persons so found entitled to relief a place where they could work and for

which labor the OERA would pay. In the set-up thus provided the right to employ and discharge the labor did not exist. The sponsor was required to furnish the equipment and the necessary supervision of the workers on the project and nothing more and the OERA selected persons entitled to receive such work and fixed the rate of pay therefor and paid them out of the funds which had been provided for such purpose. The petitioner was working under such an arrangement when he sustained the injury for which he seeks compensation.

There is a division of authority upon the question of whether, under the circumstances so existing, there is the relation of employer and employee between the laborer and the sponsor of the project. The cases cited by petitioner, supra, hold that such relation exists, but the weight of authority appears to be to the contrary. See Oswalt v. Lucas County, 222 Iowa, 1099, 270 N. W. 847; Vaivida v. City of Grand Rapids, 264 Mich. 204, 249 N. W. 826, 88 A. L. R. 707; McBurney v. Industrial Accident Commission, 224 Cal. 124, 30 P. 2d 414, and the cases collected under the majority view in the annotations in 96 A. L. R. 1155 and 127 A. L. R. 1284. We find it unnecessary to decide, however, which line of authorities should be followed, since we have heretofore decided in the case of Oklahoma City v. Caple, 187 Okla. 600, 105 P. 2d 209, the employment in which the petitioner sustained his injury to be one which is not within the provisions of the Workmen's Compensation Act. In said case we held:

"Relief projects contemplated by Federal Emergency Relief Act of 1933, 48 Stat. 55, 15 U. S. C. A. §§ 721-728, are not industries or activities covered by Oklahoma Workmen's Compensation Act, and workman employed by C. W. A. injured on such project is not entitled to compensation benefits of latter act."

It will be observed that the finding made by the trial commissioner in the case at bar followed strictly the law as announced in the above-cited case. In so doing there was no error.

Order sustained.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, BAYLESS, GIBSON, HURST, and DAVISON, JJ., concur. ARNOLD, J., dissents.