[No. 26165. Department One. November 16, 1936.]

Mrs. E. C. Vance, *Appellant*, v. The Department of Labor and Industries, *Respondent*.[1]

*Stanbery Foster* and *Arthur M. Harris,* for appellant.

*The Attorney General* and *J. A. Kavaney, Assistant,* for respondent.

Main, J.—This is an appeal from a judgment of the superior court affirming an order of the department of labor and industries disallowing a claim.

February 10, 1935, Clifford Vance, the husband of the claimant, while engaged in painting a house for one Julia Coghlan, fell from a ladder, sustaining an injury from which he died. The widow filed a petition with the department for a pension under the workmen's compensation act. After investigation, the supervisor of industrial insurance rejected the claim, for the reason that Mr. Vance was not under the in-

[1]Reported in 62 P. (2d) 450.

dustrial act at the time of his fatal injury. The widow appealed to the joint board, where a hearing was held August 22, 1935, and thereafter that board entered an order rejecting the claim on two grounds; one was that Mr. Vance, at the time he sustained the injury, was an independent contractor, and not an employee. From that order, the widow appealed to the superior court where, as already indicated, the order of the department was sustained.

The contract which Mr. Vance had made with reference to the painting of the house for Miss Coghlan provided that he should do the work for a specified sum, the owner furnishing the material. Mr. Vance was to furnish his own equipment and do the work upon his own time. Miss Coghlan retained no control over the method or the manner of doing the work. The house had been owned by Miss Coghlan for many years. A part of the time she had resided in it, but for the greater portion of the time it had been rented. She had no other property which she at any time rented.

The question in the case is whether Mr. Vance was an independent contractor or an employee. If he was an independent contractor, the department correctly rejected the claim. Rem. Rev. Stat., § 7675 [P. C. § 3470]; Burchett v. Department of Labor & Industries, 146 Wash. 85, 261 Pac. 802, 263 Pac. 746; Hammerschmith v. Department of Labor & Industries, 177 Wash. 13, 30 P. (2d) 649. Under the rule of the cases above cited, there can be no question but that Mr. Vance was an independent contractor, and not an employee.

The practice of the department of labor and industries, requiring the owner of rented property to pay industrial insurance for extrahazardous work done on the property, regardless of the nature of the contract,

is of no controlling importance. The question of whether one is an independent contractor or an employee is one of law, based upon the particular facts of the case.

The judgment will be affirmed.

MILLARD, C. J., STEINERT, GERAGHTY, and BLAKE, JJ., concur.