[No. 28610. Department One. April 4, 1942.]

FLOYD HALLER, *Appellant*, v. THE DEPARTMENT OF
LABOR AND INDUSTRIES, *Respondent.*[1]

*Harry Ellsworth Foster* and *Robert T. Hunter,* for
appellant.

*The Attorney General, T. H. Little,* and *Edward S.
Franklin, Assistants,* for respondent.

DRIVER, J.—This is an appeal from a judgment of the
superior court affirming an order of the joint board

[1]Reported in 124 P. (2d) 559.

of the department of labor and industries rejecting a workman's industrial insurance claim. The material facts, which are not in dispute, were concisely and accurately stated by the court in its memorandum opinion as follows:

"William Canady is the owner of Delano Townsite and as such, operates his own water system. Two or three weeks prior to July 22, 1939, he decided to have a well cleaned out. His son Jess recommended the plaintiff [appellant], who had been working on the dam but who was out of work at that time and who had originally helped dig this well in connection with a coal mine prospect. Canady went to see Mr. Haller [appellant] and offered to give him $100.00 to have the well cleaned out. Haller looked the job over and then accepted the offer. It was necessary to have a hoist on the job and Haller and Canady's son Jess went to see a man by the name of Kelly, who had a hoist. The hoist was obtained from Kelly, was set up and the work commenced. At the time the work started, Haller made a deal with one Henry Overby who had been injured on the dam and was not able to perform any hard labor, to operate the hoist in connection with this well cleaning work. Haller told Overby that he was to get $100.00 for the job and offered him fifty per cent of this amount to run the hoist. Mr. Canady had nothing to do with the employment of Mr. Overby. Mr. Haller did not furnish any of the tools or machinery used on the job and most of these were obtained by either Mr. Canady or his son. No time was fixed within which the work had to be completed. Mr. Haller's work was apparently to consist of nothing except manual labor. Either Mr. Canady or his son were over around the job almost every day but they did not exercise any dominion over it as far as the conduct of the work was concerned. After the work had been going on for almost two weeks, something went wrong with the hoist and the bucket fell down into the well where Mr. Haller was, injuring him. . . ."

The court concluded that appellant "was working under an independent contract"; that he was not a workman within the meaning of the industrial insurance act, and could not recover an award for his injury, despite two amendments to the act revising, respectively, the definitions of "workman" and "employer." Appellant's counsel contend that the case is determined by these amendments. This, they say in their brief, is "the single question presented by the appeal."

The earlier amendment, § 2, chapter 211, Laws of 1937, p. 1030 (Rem. Rev. Stat. (Sup.), § 7674-1 [P. C. § 3469d]), provides:

"The term workman within the contemplation of this act means every person in this state who is engaged in the employment of *or who is working under an independent contract, the essence of which is his personal labor for* any employer coming under this act whether by way of manual labor or otherwise in the course of his employment."

The only substantial change the amendment made in the prior law was the addition of the italicized words in the foregoing quotation.

Prior to the 1939 session of the legislature, the definition of "employer" (§ 1, chapter 132, Laws of 1929, p. 326, Rem. Rev. Stat., § 7675 [P. C. § 3470]) was as follows:

"Except when otherwise expressly stated, employer means any person, body of persons, corporate or otherwise, and the legal personal representatives of a deceased employer, all while engaged in this state in any extra-hazardous work or who contracts with another to engage in extra-hazardous work."

This definition was amended by § 2, chapter 41, Laws of 1939, p. 122 (Rem. Rev. Stat. (Sup.), § 7675 [P. C. § 3470]), to read:

"Except when otherwise expressly stated, employer means any person, body of persons, corporate or otherwise, and the legal personal representatives of a deceased employer, all while engaged in this state in any extra-hazardous work, *by way of trade or business,* or who contracts with *one or more workmen the essence of which is the personal labor of such workman or workmen,* in extra-hazardous work." (Italics ours.)

The italicized words, it will be noted, were added to the prior law by the 1939 amendment.

Before the enactment of the 1937 amendment, it was a firmly established general rule in this state that an independent contractor was not entitled to the benefits of the workmen's compensation act. *Fox & Co. v. State,* 166 Wash. 510, 7 P. (2d) 961; *Hammerschmith v. Department of Labor & Industries,* 177 Wash. 13, 30 P. (2d) 649; *Vance v. Department of Labor & Industries,* 188 Wash. 278, 62 P. (2d) 450; see, also, *Norman v. Department of Labor & Industries,* 10 Wn. (2d) 180, 116 P. (2d) 360.

Manifestly, the legislature intended, by the enactment of the two amendments, to extend industrial insurance protection to some, but not all, independent contractors whose contracts call for the performance of extrahazardous work. Whether or not, in a given case, an independent contractor is a "workman" must, we think, depend upon the provisions of the contract, the nature of the work to be performed, the situation of the parties, and other attendant circumstances. It is our problem in the present case to determine whether appellant comes within the protected class. The solution, we think, may be found by a close analysis of the 1937 amendment, particularly of that portion which is new, namely:

"[The term workman . . . means every person . . . ] who is working under an independent contract, *the essence of which is his personal labor* [for

any employer coming under this act] . . . " (Italics ours.)

All the key words in italics should be given equal rank and weight. There is no reason to place special emphasis upon any of them. So considered and given their common, everyday meaning, they signify that, to come within the definition of workman, an independent contractor must be one whose *own personal labor,* that is to say, the work which *he* is to do *personally,* is the *essence* of the *contract.* The word "essence," according to the definition which we adopted in *Norman v. Department of Labor & Industries, supra,* means:

" 'The gist or substance of anything; the vital constituent of a thing.' [Ballentine's Law Dictionary, 446.]
"Another definition is:
" 'That without which a thing cannot be itself.' *Pittsburgh Iron & Steel Foundries Co. v. Seaman-Sleeth Co.,* 236 Fed. 756."

Specifically then, the basic question in the present case is this: Was the labor which appellant was to perform personally the gist or substance, the vital *sine qua non,* the very heart and soul of his contract to clean out the well? We do not think so. One workman unaided cannot clean out a well. The job requires at least two. The parties to the contract must have known that, and, in fact, they tacitly recognized it when they procured the hoist to be used in the prosecution of the work.

The workman engaged by appellant to operate the hoist was to receive half of the contract price. The work appellant was to do was no more important or essential than that of his coworker. No doubt, it was a matter of indifference to the owner which one of them worked in the well or operated the hoist at the surface.

If appellant were a workman within the meaning of the statute, then it must follow that every independent contractor whose contract involves extrahazardous labor, a portion of which he is to perform personally, would likewise come within that category, even though it is contemplated that he will employ two, or ten, or a hundred other workmen to assist him. If the legislature had intended to define as a workman every such independent contractor, however small and relatively unimportant his own labor contribution to the performance of the work of the contract may be, it seems reasonable to assume that it would have so provided in plain and direct language.

Thus far, our discussion has been confined principally to the 1937 amendment. However, so far as our present problem is concerned, the well owner having contracted with only one workman, the appellant, the 1939 amendment is not materially different. It provides that the term "employer" shall include one who contracts for performance of extrahazardous work with one or more workmen *whose personal labor is the essence of the contract.*

Appellant insists that the *Norman* case controls this one. There, Spokane county, in order to clear some of its land of poison ivy, engaged a workman, by oral contract, to remove the noxious growth for fifty dollars. The county land agent made the contract after the workman represented that he was thoroughly familiar with poison ivy, knew how to get rid of it; and that the method he customarily employed was to first scorch, or burn, the leaves so that they would not infect him, and then grub out the roots. It was contemplated that he was to do all the work, or at least the major part of it. In that case, without question, the essence of the contract was the labor to be performed by the workman personally, and we held that

he was an employee within the terms of the 1937 amendment. The *Norman* case is clearly distinguishable, as it rests upon a different factual basis from the case at bar.

Judgment affirmed.

ROBINSON, C. J., MAIN, and STEINERT, JJ., concur.

MILLARD, J. (dissenting)—I am of the view that, under the statute as now amended, appellant is entitled to compensation.