[No. 32915.    Department One.    November 4, 1954.]

ALICE CRALL, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.[1]

[1]Reported in 275 P. (2d) 903.

*Dyar & Hubbard,* for appellant.

*The Attorney General* and *Harold J. Hunsaker, Assistant,* for respondent.

MALLERY, J.—On November 21, 1952, Alice Crall filed her claim with the department of labor and industries for benefits under the provisions of the workmen's compensation act, alleging that at the time of her husband's death he was engaged in log trucking, an extrahazardous occupation as defined and classified in RCW 51.20.400, Class 50-1 [*cf.* Rem. Supp. 1947, § 7676b, part].

The supervisor of industrial insurance rejected her claim on December 2, 1952, on the ground that the deceased, George Crall, was an independent contractor and had not elected to avail himself of the benefit of RCW 51.32.030 [*cf.* Rem. Rev. Stat. (Sup.), § 7675, part], by giving notice to the director that he was carrying himself on the payroll and paying premiums thereon.

Mrs. Crall appealed to the board of industrial insurance appeals, which, after a hearing, sustained the order of the supervisor on July 10, 1953. She then appealed to the superior court, which, sitting without a jury, affirmed the board of industrial insurance appeals. Petitioner appeals.

Appellant contends here, as she has at all times, that her husband was an employee of Bert Sanford and not an independent contractor, and that the record does not support the trial court's finding to the contrary.

It is often difficult to distinguish between an employee and an independent contractor. RCW 51.08.180 [*cf.* Rem. Rev. Stat. (Sup.), § 7674-1] provides:

" 'Workman' means every person in this state who is engaged in the employment of an employer under this title, whether by way of manual labor or otherwise in the course of his employment; also every person in this state who is engaged in the employment of or who is working under an independent contract, *the essence of which is his personal labor* for an employer under this title, whether by way of

manual labor or otherwise, in the course of his employment." (Italics ours.)

The controversy herein turns upon the question of whether or not the log-hauling contract with Bert Sanford contemplated the personal services of the deceased.

Bert Sanford was engaged in a logging operation in Columbia county. He had several logging trucks of his own, but upon occasion hired extra log hauling to keep up with his operation. George Crall owned several log trucks and hauled for different operators as opportunity arose. He contracted with Bert Sanford to haul logs to a mill for seven dollars a thousand board feet. The contract was not exclusive, and he could haul for other loggers. He did not have to use any particular truck and he did not have to drive it himself. There was no restriction upon how the equipment was to be used or the work done. The contract did not fix the amount of hauling other than that it was to be done as needed. On the fatal day in question, Crall was driving one of his trucks himself, although his contract would have permitted one of his employees to have been driving.

We do not think the contract was within the purview of RCW 51.08.180 [cf. Rem. Rev. Stat. (Sup.), § 7674-1]. The statute applies when personal labor of the party in question is the essence of the contract. Labor that can be done by others *is not personal* as the word is used in the statute.

We agree with the supervisor, the board of industrial insurance appeals, and the trial court that George Crall was, at the time of his death, engaged in hauling logs as an independent contractor.

Appellant complains that the trial court made findings of fact and conclusions of law in this case. It may very well be that they were not necessary. However, we have gone directly to the undisputed parts of the record itself for the facts. The findings are, therefore, mere surplusage and not prejudicial.

The judgment is affirmed.

GRADY, C. J., HAMLEY, FINLEY, and OLSON, JJ., concur.