[No. 33090. Department Two. April 14, 1955.]

LLOYD COOK, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*[1]

*H. A. Davis,* for appellant.

*The Attorney General* and *Kenneth G. Burrows, Assistant,* for respondent.

WEAVER, J.—The sole question on this appeal is whether the personal labor of plaintiff, an independent contractor, was the essence of his contract of employment within the purview of Rem. Rev. Stat. (Sup.), § 7674-1 [*cf.* RCW 51-.08.180], which reads as follows:

[1]Reported in 282 P. (2d) 265.

"The term workman within the contemplation of this act means every person in this state who is engaged in the employment of or who is working under *an independent contract, the essence of which is his personal labor* for any employer coming under this act whether by way of manual labor or otherwise in the course of his employment." (Italics ours.)

Plaintiff filed a claim for compensation with the department of labor and industries, alleging that he sustained injuries while engaged in extrahazardous employment as an employee of Siegrist Lumber Company. Rejection of his claim by the supervisor of industrial insurance was sustained by the board of industrial insurance appeals and by the superior court.

Plaintiff owned a chain saw, truck, and tractor. He entered into an oral contract with Siegrist Lumber Company to cut, skid, load, and haul certain timber owned by the company for twenty-five dollars per thousand feet. There was no restriction on how the equipment was to be used or the work done, except that the scattered timber was to be cut first.

Plaintiff testified that one person could cut, skid, and haul the timber, but that it was impracticable, though perhaps not impossible, for one person to load the truck. Each day the plaintiff's wife brought him his lunch and remained to assist in loading the timber.

In *Norman v. Department of Labor & Industries,* 10 Wn. (2d) 180, 184, 116 P. (2d) 360 (1941), this court held that it was the intent of the legislature to bring, within the provisions of the act, independent contractors

". . . whose personal efforts constitute the main essential in accomplishing the objects of the employment."

██ The provisions of the contract, the nature of the work to be done, the situation of the parties, and other attendant circumstances must be considered in determining whether the personal labor of the plaintiff is the "essence" of the employment contract. As asked in *Haller v. Department of Labor & Industries,* 13 Wn. (2d) 164, 168, 124 P. (2d) 559 (1942),

"Was the labor which appellant was to perform personally the gist or substance, the vital *sine qua non,* the very heart and soul of his contract . . . "?

The record does not support the conclusion that plaintiff's own personal labor was the *sine qua non* of this contract.

Labor that may be done by others under the contract is not *personal,* as the word is used in the statute. *Crall v. Department of Labor & Industries,* 45 Wn. (2d) 497, 275 P. (2d) 903 (1954).

Plaintiff was not a "workman" within the purview of the statute.

The judgment is affirmed.

HAMLEY, C. J., MALLERY, HILL, and ROSELLINI, JJ., concur.