FRANK R. SPULAK, APPELLANT, v. JAMES W. ESTEP ET AL., APPELLEES.

344 N.W.2d 475

Filed February 17, 1984. No. 83-389.

Robert C. Guinan and Daniel K. Powers, for appellant.

Arthur J. Nevins of Gaines, Otis, Haggart, Mullen & Carta, for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

This is an appeal from the decision of a three-judge panel of the Workmen's Compensation Court denying benefits to Frank R. Spulak. He appeals.

The principal error assigned is that the three-judge panel erred in finding that appellant was an independent contractor and not an employee or statutory employee of the appellees, Empire Life Insurance Company and/or James W. Estep. We affirm.

Appellant, a licensed life insurance agent, answered an ad in the Omaha World-Herald soliciting applications from persons qualified as insurance agents. The advertisement named the person to whom the application should be sent as James Houghton. Houghton, it develops, was a partner with Estep in a general agency variously known as Self-Employed Benefit and Self-Employed Benefit Advisory Agency. Houghton and Estep were also general agents for Empire Life Insurance Company.

Appellant answered the advertisement and, after a discussion with Estep and Houghton, signed a contract entitled "Special Agent's Agreement." The

document was an extended designation of duties and authority of appellant in the solicitation and sale of Empire policies. In paragraph 5 of the agreement the following appears: "5. Status of Agent. The authority of the Agent shall extend no further than the authority expressly granted to the Agent in this agreement, but within the scope of his authority the Agent shall be considered a full-time life insurance salesman and shall be free to exercise independent judgment as to the persons from whom applications for insurance are solicited and the time, place and manner of solicitation. No provisions contained in this agreement nor any rule or regulation of the Company shall be construed as creating the relationship of employer and employee between the Company and the Agent. If training courses, sales methods and materials, prospect leads, office facilities or similar aids and services are extended or made available to the Agent, the parties nevertheless agree that the purpose and effect thereof shall not be to give the Company control over the time of the Agent or direction or control over the manner or means by which he shall conduct his business but only to assist the Agent in obtaining applications for insurance with the Company. In the event that any rules or regulations of the Internal Revenue Service, the Social Security Administration and/or any state or local revenue authorities require the Company to withhold any sums from the commissions payable to the Agent under this agreement, then the Agent hereby consents to such withholding and acknowledges that such withholding shall not be construed as creating the relationship of employer and employee between the Company and the Agent."

The appellant was given a short period of instruction concerning types of coverages sold by the company, and instructed in the use of "lead" cards. A "lead" card is a simple post card on which a prospective customer would write his or her name and address, and other unsuspecting information, and

mail it back to a Washington, D.C., address. A Louisiana-based company would then sell the "leads" to Houghton and Estep. Although disputed as to whether the continued appointment of an agent depended on the prompt use and followup of the lead cards, their use was recommended. However, the contract provided that applications for insurance could be solicited from anyone, but with geographical limitations as directed by the company.

The contract provided for commissions to be paid on premiums received by Empire on policies sold by Spulak. The commission earned was the sole compensation of the agent, and Empire did not pay for expenses of any kind to the agent.

On the Monday following the instruction period, Spulak began calling on leads supplied by Estep. On the following Wednesday, August 19, 1981, while engaged in that endeavor, and driving from the residence of one lead to another, Spulak was in an automobile accident and suffered injuries for which this action was brought.

With respect to clauses in contracts for service, similar to the subject case, we said in *Stephens v. Celeryvale Transport, Inc.*, 205 Neb. 12, 23, 286 N.W.2d 420, 426 (1979): "[W]here . . . a written contract exists which not only denominates the relationship as that of independent contractor but also describes that type of relationship, and nothing in the manner of performance by the parties is inconsistent with the relationship described, then the independent contractor is, as a matter of law, bound by the contract and is not to be deemed an employee within the meaning of the workmen's compensation statutes."

Neither the contract nor the actual performance of the contract required a specific method of performance. The appellant was free to accomplish his duties at the time and by any method he chose. His only responsibility was to execute the insurance application on the authorized policies with the required

premium collected. There is no evidence that the contract was a sham to conceal the true arrangement of the parties. See, Neb. Rev. Stat. § 48-116 (Reissue 1978); *Bohy v. Pfister Hybrid Co.*, 179 Neb. 337, 138 N.W.2d 23 (1965).

The findings of fact by the compensation court are supported by evidence and are therefore binding on us. *Stephens v. Celeryvale Transport, Inc., supra.*

It is unnecessary to evaluate the facts herein in light of the 10-part test recently enunciated by this court in *Erspamer Advertising Co. v. Dept. of Labor*, 214 Neb. 68, 333 N.W.2d 646 (1983). In analyzing the test, this court said: "Generally, control or the right of control is the chief criterion in the determination of whether one acts as an independent contractor." *Id.* at 71, 333 N.W.2d at 648.

The evidence demonstrates that the appellant was not controlled by Empire or Estep. The judgment of the compensation court cannot be said to be clearly wrong; therefore, the judgment must be affirmed.

AFFIRMED.