[No. 19256-3-III.   Division Three.   January 25, 2001.]

JAMES SILLIMAN, ET AL., *Appellants*, v. ARGUS SERVICES, INC., ET AL., *Respondents*.

[image content]

*Dustin D. Deissner*, for appellants.
*Geoffrey D. Swindler*, for respondents.

BROWN, A.C.J. — In this workers' compensation third party tort claim, the trial court dismissed James Silliman's suit against Argus Services, Inc., the employer of the alleged tortfeasor, after concluding it lacked jurisdiction because Argus was a co-worker immune from suit under workers' compensation law. We disagree, grant Mr. Silliman's appeal, and reverse.

## FACTS

Argus Services, Inc., contracted with Kaiser Aluminum to supply security services at Kaiser's Trentwood Works. Argus was independently responsible for hiring and training its officers, and paid all associated costs, including industrial insurance premiums. Argus was paid an estimated hourly rate that included estimated amounts for

average wage, taxes/insurance, vacation, and profit/overhead. Kaiser retained the right to review and approve individual security guards supplied by Argus. Argus employs officers at other locations unrelated to Kaiser, and in 1997 rotated Thomas Affeldt to work at Kaiser.

Kaiser employed Mr. Silliman and paid for his workers' compensation coverage. Mr. Affeldt allegedly injured Mr. Silliman as he was leaving the Kaiser plant. Although Kaiser disputed workers' compensation benefits for the Affeldt incident on third party grounds, Mr. Silliman recovered industrial insurance benefits. Mr. Silliman then filed a third party complaint in superior court seeking damages from Argus. Argus successfully moved to dismiss after claiming immunity under the Industrial Insurance Act, Title 51 RCW, as Mr. Silliman's co-worker. Mr. Silliman appealed.

## ISSUE

The issue is whether the trial court erred as a matter of law by dismissing Mr. Silliman's complaint and concluding it lacked jurisdiction over this third party suit because it was barred by workers' compensation immunity principles due to Argus's status as a co-worker.

## ANALYSIS

■ We review jurisdiction de novo. *Crosby v. Spokane County*, 137 Wn.2d 296, 301, 971 P.2d 32 (1999). Generally, workers injured in the course of their employment are covered by the Industrial Insurance Act (Act), Title 51 RCW. *See* RCW 51.32.010. Industrial insurance compensates employees for injuries sustained on the job regardless of fault. RCW 51.04.010. In exchange for this no-fault coverage, employers are granted immunity from separate civil liability. RCW 51.04.010; RCW 51.32.010. Thus, the Act generally provides the exclusive remedy to an injured employee; a court lacks jurisdiction to separately proceed.

■ RCW 51.24.030(1) allows recovery from a third party

tortfeasor as an exception to this exclusive remedy. The third party tortfeasor must not be in the "worker's same employ." RCW 51.24.030(1). In other words, co-workers are equally immune from liability for job-related injuries they cause in the scope of their employment. *Kerr v. Olson*, 59 Wn. App. 470, 475, 798 P.2d 819 (1990); *Shelton v. Azar, Inc.*, 90 Wn. App. 923, 928-29, 954 P.2d 352 (1998).

Argus successfully argued below that because it was Mr. Silliman's co-worker it had immunity under the Act. A worker is defined under RCW 51.08.180 to include a person "who is working under an independent contract, the essence of which is his or her personal labor for an employer under this title, whether by way of manual labor or otherwise." Independent contractors providing personal labor were included within the definition of worker to protect laborers who would ordinarily be considered employees. *See White v. Dep't of Labor & Indus.*, 48 Wn.2d 470, 473, 294 P.2d 650 (1956). The legislative concern was that workers could be denied coverage by employers who wanted to avoid paying premiums by calling their employees independent contractors. *See id.* at 473-74. "The Legislature had in mind broadening the act to 'bring under its protection independent contractors whose *personal efforts* constitute the main essential in accomplishing the objects of the employment, . . . .'" *Lloyd's of Yakima Floor Ctr. v. Dep't of Labor & Indus.*, 33 Wn. App. 745, 749, 662 P.2d 391 (1982) (quoting *Norman v. Dep't of Labor & Indus.*, 10 Wn.2d 180, 184, 116 P.2d 360 (1941)).

■ Both parties agree Argus is an independent contractor. However, the parties dispute whether Argus is providing "personal labor" within the meaning of RCW 51.08.180, a mixed question of law and fact. *Cascade Nursing Servs., Ltd. v. Employment Sec. Dep't*, 71 Wn. App. 23, 30, 856 P.2d 421 (1993). What services Argus provided is a question of fact; whether these services constitute "personal labor" within the meaning of the statute is a question of law. *Id.*

■ In considering whether the essence of a contract is personal labor for an employer, the court should look to the

contract itself, the work, the parties' situation, and other concomitant circumstances. *Lloyd's*, 33 Wn. App. at 749; *Kerr*, 59 Wn. App. at 476. In *White*, 48 Wn.2d at 474, the court identified three situations negating an independent contract for personal service: (1) if the contractor must of necessity own or supply machinery or equipment (as distinguished from the usual hand tools) to perform the contract; (2) if the contractor could not perform the contract without assistance; or (3) if the contractor by necessity or choice employs others to do all or part of the work he has contracted to perform. *Accord Jamison v. Dep't of Labor & Indus.*, 65 Wn. App. 125, 130, 827 P.2d 1085 (1992); *Mass. Mut. Life Ins. Co. v. Dep't of Labor & Indus.*, 51 Wn. App. 159, 163-64, 752 P.2d 381 (1988); *Kerr*, 59 Wn. App. at 476.

■■ The third situation is critical here because Argus employed others to do all of the security work, not Kaiser's productive purpose. The contract for security services was between Kaiser and Argus Services, Inc. Argus then exercised discretion to employ others to perform the work required by the contract. Argus separately paid workers' compensation premiums to its workers. Argus was paid on a set scale that estimated built-in profits and overhead.

Argus argues it did not "delegate guard duties to others," because as a corporation, it can act solely through its employees; thus, it is a worker. This argument fails to recognize that it alone paid workers' compensation premiums for Mr. Affeldt. Thus, in a third party context, it is a separate employer, not a worker. Therefore, Mr. Silliman properly identifies Argus as a third party employer.

Moreover, Argus is not a single-employee corporation; its contract with Kaiser necessarily required delegation of its contractual duties. The cases relied upon by Argus concern contracts for labor by a specific individual, as opposed to contracts for a specific type of labor. For example, in *Kerr*, a Kaiser employee sued a Kaiser plant physician, an independent contractor, for malpractice. The court held that the physician provided personal labor because Kaiser supplied the physician's staff and equipment, and the physician

could not delegate his work to others. *Kerr*, 59 Wn. App. at 476. Thus, the physician was a co-worker providing a personal service and immune from separate liability. Here, Argus had discretion to hire whomever it chose to perform the contract, subject to limited conditions. Thus, *Kerr* is distinguishable. The same distinguishing factors are present in *Lloyd's*, 33 Wn. App. 745, and *Dana's Housekeeping, Inc. v. Dep't of Labor & Indus.*, 76 Wn. App. 600, 886 P.2d 1147 (1995), Argus's other cited authorities.

On the other hand, in *Massachusetts Mutual Life Insurance*, the court held that independent insurance agents were not "workers" of the insurance company under the Industrial Insurance Act because they delegated part of their contractual duties to employees. *Mass. Mut. Life Ins.*, 51 Wn. App. at 165. The contract was not for personal labor because it contemplated that employees of the agents would perform some of the labor. *See id.* Our case is similar to *Massachusetts Mutual Life Insurance*.

"Personal labor" means labor personal to the independent contractor. The contract between Kaiser and Argus contemplated a specific type of labor, not a specific laborer. Since Argus was not providing "personal labor," it does not fall within the definition of a "worker" under RCW 51.08.180. It follows that since Argus is not Mr. Silliman's co-worker or employer, it is not immune under the Industrial Insurance Act from Mr. Silliman's third party claim. Consequently, it is unnecessary for this court to consider Mr. Silliman's argument that Argus does not meet the alternative definition of a "worker" under RCW 51.08.195.

## CONCLUSION

We hold the trial court erred when it dismissed Mr. Silliman's third party complaint because it incorrectly concluded it lacked jurisdiction under workers' compensa-

tion principles. Argus is not a co-worker of Mr. Silliman. Reversed.

SWEENEY and KATO, JJ., concur.

Review denied at 144 Wn.2d 1005 (2001).