MEMORANDUM *
Joseph Cook appeals the district court’s grant of summary judgment in favor of Ocean Gold Seafoods, Inc. (“Ocean Gold”). The district court found that under the Washington Industrial Insurance Act (the “Act”) Cook was a “worker” within the meaning of Revised Code of Washington (“RCW”) section 51.08.180, and thus concluded that his civil action for damages was barred by RCW section 51.04.010. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand for further proceedings.
1. Genuine issues of material fact exist as to whether Ocean Gold had the requisite level of control over Cook to establish an employment relationship under the Act. See Novenson v. Spokane Culvert & Fabricating Co., 91 Wash.2d 550, 588 P.2d 1174, 1176 (1979) (en banc) (“For purposes of [the Act], an employment relationship exists only when: (1) the employer has the right to control the servant’s physical conduct in the performance of his duties, and (2) there is consent by the employee to this relationship.”). Cook adduced evidence sufficient to defeat summary judgment, such as evidence that he had the ability to determine when, where, and how he worked to ensure the delivery of hake to the Ocean Gold plant. See Bennerstrom v. Dep’t of Labor & Indus., 120 Wash.App. 858, 86 P.3d 826, 881 (2004) (finding no right to control when an individual determined how to complete the tasks in a detailed service plan). That Ocean Gold determined the amount of hake to be delivered and payed for Cook’s services on a regular basis does not create an employment relationship as a matter of law. See id. at 832.
2. That Cook received benefits from the Washington Department of Labor and Industries (“L & I”) neither establishes an employment relationship as a matter of law, nor bars Cook from bringing a civil action for negligence under Washington state law. See Hildahl v. Bringolf, 101 Wash.App. 634, 5 P.3d 38, 42 (2000) (holding that a putative employer did not have immunity under the Act, despite the fact that the putative employee had been compensated for his injuries by L & I). Ocean Gold cites to no case suggesting otherwise, and the Act provides for repayment of benefits received if distribution of benefits was erroneous. RCW § 51.32.240(4).
3. A genuine issue of material fact also exists as to whether Cook was “working under an independent contract, the essence of which is his or her personal labor” under RCW section 51.08.180. The facts as to what precisely was required of Cook in “proeur[ing] seafood products,” and to what extent portions of his duty were dele-gable, are in dispute. See Mass. Mut. Life Ins. Co. v. Dept. of Labor & Indus., 51 Wash.App. 159, 752 P.2d 381, 384 (1988) *814 (holding that the essence of an employment contract was not personal labor because the insurance company agents could and did delegate significant portions of their duties to others).
4. The district court did not err in placing the burden of proof on Cook to establish that he satisfied the tests set forth in subsection (1) through (6) of RCW section 51.08.195, which creates an exception to the Act’s definition of “worker.” Cook argues that the district court erred in placing the burden of proof on him, rather than on Ocean Gold, to demonstrate that he was not a “worker” within the meaning of RCW section 51.08.180. The district court only placed the burden of proof on Cook, however, to establish that he satisfied the exception set forth in RCW section 51.08.195. It placed the burden on Ocean Gold to prove that Cook was a “worker” within the meaning of RCW section 51.08.180. The district court correctly placed the burdens of proof under each section. See RCW § § 51.08.180, 51.08.195.
5. Ocean Gold’s failure to pay L & I premiums on behalf of Cook does not establish that Ocean Gold did not have an employment relationship with Cook. Hil-dahl, 5 P.3d at 44-45 (treating whether there is an employment relationship and whether an employer has paid its premiums as separate inquiries). Ocean Gold may be liable for unpaid L & I premiums if it is determined that Ocean Gold was Cook’s employer at the time of his injury. See RCW § 51.48.020.
REVERSED and REMANDED for further proceedings.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.