# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| SUKHJIT AHLUWALIA, | ) | No. 77018-7-I |
| | ) | |
| Appellant, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| DEPARTMENT OF LABOR AND | ) | UNPUBLISHED OPINION |
| INDUSTRIES OF THE STATE OF | ) | |
| WASHINGTON, | ) | |
| | ) | |
| Respondent. | ) | FILED: November 13, 2018 |
| | ) | |

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON
2018 NOV 13 AM 11: 23

LEACH, J. — RCW 4.84.185 allows a prevailing party in a civil action to collect attorney fees from a nonprevailing party as a sanction for advancing a frivolous defense. Injured worker Sukhjit Ahluwalia appeals the trial court's decision affirming a Board of Industrial Insurance Appeals (Board) order denying Ahluwalia's request for attorney fees against the Department of Labor and Industries (Department). Although the industrial appeals judge found the Department's legal theory to be unpersuasive, the trial court upheld the Board's conclusion that the Department's defense was not frivolous. We agree and affirm.[1]

---

[1] RCW 4.84.185 applies to "any civil action." Both parties assume the statute applies in this industrial insurance case. Because we conclude that the Department's defense was not frivolous, we do not reach the question of whether the statute applies.

FACTS

In December 2007, Ahluwalia injured his back while working. He filed an industrial injury claim with the Department. The Department allowed his claim and provided benefits. After undergoing multiple back surgeries, Ahluwalia's doctors permanently restricted him from his job of injury.

RCW 51.32.095 authorizes the Department to provide vocational rehabilitation services when those services are "both necessary and likely to enable the injured worker to become employable at gainful employment." On August 28, 2012, the Department approved Ahluwalia for vocational plan development. The Department told Ahluwalia the procedure for disputing the decision. Ahluwalia did not dispute it, and the Department started plan development.

A vocational counselor determined that Ahluwalia had no transferable skills and no opportunity to return to work with his employer. Ahluwalia then met with his vocational counselor to explore retraining programs. Ahluwalia identified medical secretary as his primary goal. He planned to attend a two-year training program at Renton Vocational Technical School. After Ahluwalia successfully completed a pain management program, his doctor approved a job analysis for medical secretary without restrictions.

On February 11, 2013, the Department sent Ahluwalia's legal representative a completed retraining plan. Ahluwalia asked for more time to review the plan. On March 1, 2013, Ahluwalia told the Department he was declining vocational services. He also declined to agree to the retraining plan. The Department sent Ahluwalia a

-2-

noncooperation letter. It asked him to explain his decision and warned him that if he did not participate in vocational services, the Department would suspend his benefits. Ahluwalia, through his legal representative, responded that he had good cause for rejecting the proposed retraining plan because he would be 67 years old at the time of completion and would not likely find gainful employment. Ahluwalia's response included documents showing that his current vocational rehabilitation goals were unreasonable. Ahluwalia's legal representative recommended that he be referred for pension benefits. The Vocational Dispute Resolution Office (VDRO) declined to accept Ahluwalia's letter as a dispute.

From March 20, 2013, through November 14, 2014, the Department approved a number of extensions of time for him to sign the retraining plan and attempted to involve Ahluwalia in the vocational rehabilitation process. Ahluwalia continued to decline participation. On April 22, 2013, the Department suspended Ahluwalia's benefits for failure to cooperate and notified him that the suspension would remain in effect until he cooperated or the Department closed the claim. Then, the Department issued several orders finding that Ahluwalia was not cooperative with vocational training but placed these orders in abeyance or resumed jurisdiction of Ahluwalia's appeals of these orders.

On October 23, 2013, the Department notified Ahluwalia that he had been approved for plan development and set a deadline of January 21, 2014, to finalize the plan. The Department did not tell him how to dispute this decision. The Department later extended the plan development deadline several more times, eventually extending the deadline to November 12, 2014.

Ahluwalia continued to assert that the Department was legally required to issue a new plan development decision that included instructions for disputing the decision. On November 15, 2013, the Department informed Ahluwalia he was not entitled to a new formal notification as he had already agreed to participate in plan development and was not allowed to waive vocational services. The letter stated that the October 23, 2013, notification extended the August 28, 2012, referral for plan development. Ahluwalia appealed this decision. On October 8, 2014, the Department affirmed its determination that Ahluwalia was not entitled to a new plan development decision. Ahluwalia appealed, and on March 9, 2015, the Department affirmed its October 8, 2014, decision. Ahluwalia appealed this decision to the Board.

On November 18, 2014, after Ahluwalia's vocational counselor submitted a report stating that Ahluwalia was not able to benefit from services due to noncooperation, the Department terminated Ahluwalia from vocational services due to circumstances unrelated to his workplace injury. Ahluwalia protested this decision to the VDRO. On February 12, 2015, the Department again declined to refer Ahluwalia for services, noting his failure to cooperate. Ahluwalia appealed this decision to the Board.

The Board consolidated the two appeals. The parties agreed to proceed on stipulated facts and briefing. The industrial appeals judge concluded that Ahluwalia had failed to cooperate with vocational services but that he had good cause "given the narrow circumstances presented in these appeals." The industrial appeals judge reasoned that the Department's decision forced Ahluwalia to make a "Hobb[e]sian choice" of participating in a vocational program that he believed was obsolete or, if he

-4-

lost on appeal, to lose his pension. So the judge reversed the Department's March 9, 2015, decision and remanded to the Department to provide further benefits "in accordance with the law and the facts." The judge also reversed the Department's February 12, 2015, determination, finding that the Department abused its discretion by not issuing a disputable order before forcing Ahluwalia to proceed with the disputed plan. The Department did not file a petition for review, and the Board adopted the judge's proposed decision and order.

Ahluwalia then asked for attorney fees pursuant to RCW 4.84.185 as a sanction against the Department for advancing a frivolous defense. The Board denied this request. The Board reasoned that although the industrial insurance judge found the Department's legal theory unpersuasive and that the Department abused its discretion by not issuing a disputable order, Ahluwalia had not shown that the Department's position was untenable. The Board also noted that the industrial insurance judge upheld the Board's determination that Ahluwalia had not cooperated with vocational services. After the Board denied Ahluwalia's motion for reconsideration, Ahluwalia appealed to superior court. The parties stipulated that the issue could be resolved by summary judgment without need for further proceedings.

On April 18, 2017, the superior court affirmed the Board's decision denying Ahluwalia's attorney fees request, finding that the Department's defense was not frivolous or untenable. The superior court later denied Ahluwalia's motion for reconsideration. Ahluwalia appealed.

-5-

## ANALYSIS

Ahluwalia contends that the superior court should have granted his request for attorney fees. RCW 4.84.185 authorizes a court to award reasonable attorney fees against a nonprevailing party for advancing an action or defense that is frivolous and without reasonable cause. "An appeal is frivolous if there are no debatable issues on which reasonable minds can differ and is so totally devoid of merit that there was no reasonable possibility of reversal."[2] The action must be frivolous in its entirety to support a fee award to the prevailing party.[3] We review a trial court's decision to award or deny attorney fees under RCW 4.84.185 for abuse of discretion.[4] "A court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds."[5]

Ahluwalia points to the industrial insurance judge's finding that it was manifestly unreasonable for the Department to force him to choose between participating in a vocational program that he reasonably believed was obsolete or, if he lost on appeal, to lose his pension. The industrial insurance judge also found that the Department abused its discretion in failing to require its staff to issue a disputable or appealable order before compelling Ahluwalia to proceed with the disputed plan. Ahluwalia contends that the

---

[2] Dave Johnson Ins., Inc. v. Wright, 167 Wn. App. 758, 787, 275 P.3d 339 (2012).
[3] Biggs v. Vail, 119 Wn.2d 129, 136, 830 P.2d 350 (1992).
[4] Hanna v. Margitan, 193 Wn. App. 596, 612, 373 P.3d 300 (2016).
[5] Protect the Peninsula's Future v. City of Port Angeles, 175 Wn. App. 201, 218, 304 P.3d 914 (2013).

Department's defense was frivolous because it cannot be supported by any rational argument on the law or facts.

The Department's theory of defense was that it acted reasonably in finding Ahluwalia noncooperative and suspending his benefits because he stopped participating in plan services after failing to dispute the plan within 15 days of the August 28, 2012, notice of plan commencement. The Department argued that Ahluwalia remained in the plan development phase throughout this procedurally complex process until the Department terminated services for failure to cooperate. The Department contended that the October 23, 2013, plan development approval letter merely continued the Department's earlier approval of Ahluwalia's eligibility for vocational services. It was not a new formal referral requiring a letter containing protest language. In addition, the Department's March 6, 2013, order closing vocational services did not mandate a new formal referral because the Department later issued a superseding order specifying that services were suspended. The Department thus contends that it was not frivolous to argue that Ahluwalia failed to show good cause for failing to cooperate because his dispute was untimely and he had no right to self-initiate a disruption to the vocational process.

Although the industrial insurance judge ruled in Ahluwalia's favor based on this case's narrow circumstances, we disagree that the Department had no basis for defending its decision to suspend benefits after Ahluwalia stopped participating in the

vocational plan development process.[6] The Department's theory of defense hinged primarily on its assertion that Ahluwalia remained in the plan development phase throughout the proceedings. Given the convoluted procedural posture in this case, it was not unreasonable for the Department to assert this defense while seeking clarity from the industrial appeals judge.

The Department's litigation defense is not frivolous merely because the Board rejects it.[7] Also, Washington's Industrial Insurance Act[8] does not provide for an award of attorney fees at the Board level to contest the Department's discretionary decisions. Prevailing claimants may not use RCW 4.84.185 to shift their litigation expenses to the Department.

The trial court did not abuse its discretion by denying Ahluwalia's request for attorney fees against the Department for advancing a frivolous defense.

Affirmed.

_Leach, J._

WE CONCUR:

_Chun, J._                    _Schindler, J._

---

[6] We also note that the industrial insurance judge agreed with the Department's conclusion that Ahluwalia had not cooperated with services. Thus, the entirety of the Department's defense cannot be deemed frivolous.

[7] See Mass. Mut. Life Ins. Co. v. Dep't of Labor & Indus., 51 Wn. App. 159, 165-66, 752 P.2d 381 (1988) (affirming trial court's decision to reject prevailing party's motion for fees for a frivolous appeal).

[8] Title 51 RCW.