[No. 17947.  Department One.  September 12, 1923.]

JOSEPH R. PYLE, *Respondent,* v. 2-MIRACLE CONCRETE CORPORATION, *Appellant.*[1]

MASTER AND SERVANT (1, 176)—WORK AND LABOR (3)—RELATION BETWEEN PARTIES — CONTRACT OF EMPLOYMENT — SERVANT DISTINGUISHED FROM INDEPENDENT CONTRACTOR. Whether the relation was that of master and servant or independent contractor is a question for the jury, where a contractor for the construction of a sewer entered into a contract whereby all the material as excavated was to be hauled by plaintiff, who was engaged in the trucking business and no personal service on his part was called for.

Appeal from a judgment of the superior court for Spokane county, Oswald, J., entered November 15, 1922, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract.  Affirmed.

*Guy B. Groff* and *Wm. Hatch Davis,* for appellant.

*Turner, Nuzum & Nuzum,* for respondent.

MITCHELL, J.—The 2-Miracle Concrete Corporation, the defendant herein, had a contract with the city of Spokane to construct a sewer, the execution of which required considerable excavation.  The defendant entered into a contract with Joseph R. Pyle, the plaintiff, to haul all of the material as it was excavated, and deliver such part of it as would be necessary in refilling

[1]Reported in 218 Pac. 246.

the ditch to the rear after the pipe was laid, and the remainder or excess at another designated place. After commencing to perform the contract, and before it was completed, the defendant refused to allow any further performance, whereupon this suit was brought to recover damages for breach of the contract. Upon an amended complaint, an answer and a reply, the trial resulted in a verdict and judgment for the plaintiff, from which the defendant has appealed.

The assignments of error are several, which, according to our view of the principal and controlling question in the case, may be disposed of together. That question is whether or not the relation of the parties was that of master and servant, or did the respondent occupy the status of an independent contractor. The appellant contends that the relation was that of master and servant and that under § 3809, Rem. Comp. Stat. [P. C. § 4515], it, being a corporation, was authorized to discharge and remove the respondent at will. The agreement was verbal, and the parties are in disagreement as to whether the contract covered the whole period of construction, or whether the appellant reserved the right to discontinue the relation between the parties as it saw fit. However, the verdict solved that dispute in favor of the respondent to the effect that the contract did not specify the right of the appellant to order a cessation of performance by the respondent. There were some other questions of fact of less importance in dispute between the parties.

The testimony on behalf of the respondent showed that the manner of accomplishing the result contemplated by the contract was that two trucks, belonging to the respondent, furnished with drivers, should take the dirt as it was excavated and deliver it at the required points. The drivers worked or not on days or

any part thereof during the month the contract was being performed by orders from no one other than the respondent, who hired and paid the drivers. All necessary supplies and repairs were made by the respondent. It appears that, while the appellant complained on several occasions of delays, it did not undertake to control the trucks nor direct the drivers in order to prevent or overcome the delays. The respondent was and had been engaged in the trucking business for three years as an independent contractor, and the contract here involved called for no personal service on his part nor did he render any personal service, but as long as he was permitted to perform the contract he did so entirely through third parties employed by him. The price for doing the trucking was well understood by the parties.

General information upon the subject, as a question of law and fact, as well as many authorities cited by counsel on both sides—a digest of many of them being found in the note to *Kinceley v. West Virginia Midland R. Co.*, 64 W. Va. 278, 61 S. E. 811, 17 L. R. A. (N. S.) 370, and note to *Messmer v. Bell & Coggeshall Co.*, 133 Ky. 19, 117 S. W. 346, 19 A. & E. Ann. Cas. 1, show that often it is not quite easy to determine whether a person performing work for another does it as an independent contractor, or as a servant of that other. For the present case, however, we need not go beyond the cases decided by this court, as to the law.

In *Glover v. Richardson & Elmer Co.*, 64 Wash. 403, 116 Pac. 861, we adopted the rule announced in 26 Cyc. 1546, as follows:

" 'Generally the circumstances which go to show one to be an independent contractor, while separately they may not be conclusive, are the independent nature of his business, the existence of a contract for the performance of a specified piece of work, the agreement

to pay a fixed price for the work, the employment of assistants by the employee who are under his control, the furnishing by him of the necessary materials, and his right to control the work while it is in progress except as to results.' ''

And quoting therein from another authority, it was said:

" 'The word "results," however, is used in this connection in the sense of a production or product of some sort, and not of. a service.' ''

Now, the argument of the appellant is that, under the evidence, it should be held, as a matter of law, that the respondent was not acting as an independent contractor, and that the trial court should have granted the appellant's motion for a nonsuit, its challenge to the sufficiency of all the evidence to justify a verdict for the respondent, or its motion for a judgment notwithstanding the verdict. We cannot so decide. On the contrary, we are constrained to hold that the case was one for the jury to decide, upon instructions the correctness of which in the present case is in no way drawn in question by the appellant; indeed, the instructions have not been brought up. in the record on appeal.

The verdict and judgment are in harmony with the recent case of *Machenheimer v. Department of Labor and Industries,* 124 Wash. 259, 214 Pac. 17. The assignment that a new trial should have been granted requires no consideration distinct from what has already been said herein.

Judgment affirmed.

MAIN, C. J., HOLCOMB, BRIDGES, and MACKINTOSH, JJ., concur.