[No. 2446–3.   Division Three.   June 15, 1978.]

JULIUS A. DANIEL, *Appellant,* v. PACIFIC NORTHWEST
BELL TELEPHONE COMPANY, *Respondent.*

*Critchlow, Williams, Ryals & Schuster* and *David E. Williams,* for appellant.

*Minnick, Hayner & Zagelow, P.S.,* and *Robert L. Zagelow,* for respondent.

GREEN, J.—Julius A. Daniel brought this action against Pacific Northwest Bell Telephone Company to recover compensatory benefits allegedly accrued by him while employed under a series of contracts with the company. These compensatory benefits, which were denied to him by the telephone company, include union wage rates, pension rights, and paid vacations. Mr. Daniel appeals from a summary judgment dismissing his complaint.

The basic question presented is whether the parties' characterization of Mr. Daniel's employment relationship with the telephone company contained in their written employment agreements is binding as between them. We hold that it is and affirm.

Under a series of written agreements, Mr. Daniel performed auto repair and maintenance services upon vehicles owned by the telephone company and stored in Walla Walla. The initial agreement on March 23, 1955, defined the relationship between Mr. Daniel and the telephone company as follows:

> 4. The Contractor is and shall be at all times an independent contractor and not an agent or employee of the Company and any and all persons employed by the Contractor shall be his employees alone, and the Company shall have no right to employ or discharge persons to perform or assist in the performance of said work or to control the manner in which the work shall be performed or, except as provided in paragraph 2[1] hereof, to control the hours of work of the Contractor or his employees, it being understood that the Company's interest is in the end result, i.e., that its vehicles and equipment be always in good, safe, efficient and proper operating condition.

The several subsequent agreements, which involved changes in the amount of the monthly stipend and, later, addition of amounts payable for specific services, all defined Mr. Daniel's relationship to the telephone company to be that of an independent contractor. The last agreement executed on February 7, 1973, similarly provided:

> 2. *Direction and Control.* Contractor declares and agrees that it will perform the services under this agreement as an independent Contractor and not as the agent, employee or servant of the Company. Contractor specifically reserves the right to direct and control his own activities in providing the agreed services in accordance with the specifications set out in this agreement, and Contractor shall be responsible to Company only for the result.

---

[1]Paragraph 2 reads:

"The Contractor shall do all said work on said vehicles and work equipment during the hours when they are not being used by Company employees in the operations of the Company, and he shall keep such records and make such reports as shall be required by the Company to enable it properly to account for the Contractor's work and the condition of said vehicles and work equipment and the cost of their maintenance and operation."

These agreements also required Mr. Daniel to indemnify and hold the telephone company harmless from all claims, including claims by Mr. Daniel's employees or by telephone company employees resulting directly or indirectly from any of the services performed by him. To fulfill this obligation, Mr. Daniel was required to carry specified amounts of insurance. None of the agreements made provision for vacation time, sick leave, or retirement benefits. Mr. Daniel knew these items were not provided by the agreement because as late as March 23, 1973, he wrote the telephone company seeking some arrangement for these items.

The trial court held that the agreement unambiguously established Mr. Daniel's status to be that of an independent contractor rather than an employee. As a consequence, Mr. Daniel was not entitled to the benefits of an employee. On this basis summary dismissal was granted.

Mr. Daniel takes the position that the agreements signed by the parties do not foreclose him from showing that in actuality he was an employee, and not an independent contractor. He points to various duties that he claims support a finding of an employee status, rather than an independent contractor status. On the other hand, the record contains much that would support the parties' characterization of Mr. Daniel as an independent contractor. Thus, Mr. Daniel argues that a question of fact exists as to his exact status, and the summary dismissal was improper.

It is well settled that one is bound by the contract which he voluntarily and knowingly signs. It has been said that "[t]he whole panoply of contract law rests on . . . [that] principle . . ." *National Bank of Washington v. Equity Investors,* 81 Wn.2d 886, 912, 506 P.2d 20 (1973). For 18 years, the contract under which Mr. Daniel performed his work declared that he was an independent contractor. He does not claim that he did not understand the meaning of that term, nor does he contend that the contracts were the result of overreaching or fraud by the telephone company. In these circumstances, the characterization of Mr. Daniel's employment as that of an

independent contractor is binding as between Mr. Daniel and the telephone company.

The authorities relied upon by Mr. Daniel in support of his assertion that this case presents an issue of fact are not controlling here. They involve instances where (1) an injured third person, who is not bound by the agreement of the parties, is seeking a recovery in tort, *Hollingbery v. Dunn,* 68 Wn.2d 75, 411 P.2d 431 (1966); (2) the nature of the relationship under an oral service contract is in dispute as well as other terms, *Pyle v. 2–Miracle Concrete Corp.,* 126 Wash. 384, 218 P. 246 (1923); and (3) the status of an employed person is governed by a statute, in which case the statutory definition prevails. *Baker v. Texas & Pac. Ry.,* 359 U.S. 227, 3 L. Ed. 2d 756, 79 S. Ct. 664 (1959) (action under the Federal Employers Liability Act—no written contract between employer and employee); *Hayes v. Morse,* 347 F. Supp. 1081 (E.D. Mo. 1972), *aff'd,* 474 F.2d 1265 (8th Cir. 1973) (action to declare rights of person employed by Mid–West Haulers, Inc., under a pension fund agreement between it and The Central States, Southeast and Southwest Areas Pension Fund); *Steel City Transport, Inc. v. NLRB,* 389 F.2d 735 (3d Cir. 1968) (application of term "employee" under National Labor Relations Act for bargaining purposes); *McGuire v. United States,* 349 F.2d 644 (9th Cir. 1965) (taxpayer suit for refund of withholding, unemployment, and social security taxes under Federal Insurance Contributions Act, Federal Unemployment Tax Act, and Internal Revenue Code).

The provision defining Mr. Daniel's status is clear and unambiguous. It was contained in every agreement signed by the parties. Mr. Daniel was fully aware that the contract did not intend to cover the benefits he now seeks. Consequently, we reject his contention that the actions of the parties during the period of the several agreements create an issue of fact as to whether the parties really intended an employee relationship rather than an independent contractor relationship.

Affirmed.

MUNSON, C.J., and ROE, J., concur.

Reconsideration denied July 11, 1978.

Review denied by Supreme Court November 3, 1978.