544 So.2d 1026 (1989)
H. Richard NATEMAN, M.D., Appellant,
v.
HARTFORD CASUALTY INSURANCE CO., Appellee.
No. 87-86.
District Court of Appeal of Florida, Third District.
February 21, 1989.
Clarification Granted June 1, 1989.
Rehearing Denied July 5, 1989.
Brumer, Cohen, Logan & Kandell, Cooper, Wolfe & Bolotin and Marc Cooper, Miami, for appellant.
Preddy, Kutner, Hardy, Rubinoff, Brown & Thompson and G. William Bissett, Miami, for appellee.
Before SCHWARTZ, C.J., and NESBITT and BASKIN,[*] JJ.
NESBITT, Judge.
While the Director of Emergency Services at Baptist Hospital, Dr. Nateman allegedly defamed Dr. Valdez and his medical credentials by asserting Valdez's refusal to accept a patient for emergency treatment at another hospital resulted in the patient's death. Nateman, unaided by any insurance carrier, successfully defended the resulting defamation action brought by Valdez. In the meantime, Nateman brought this action for declaratory judgment against Hartford Casualty Insurance Company. That company had agreed in a policy with Baptist Hospital to afford the hospital defense and *1027 indemnity for the hospital's responsibility in its care and treatment of patients. When Hartford refused to defend Nateman, he brought this action against Hartford claiming that he was an additional insured under Hartford's policy with Baptist.
The gist of Valdez's complaint alleged that Nateman as Director of Emergency Services at Baptist Hospital was acting in his capacity as a representative, agent or employee of the hospital as well as individually at the time of the libelous statement's publication. Nateman points to that assertion as well as a plethora of Florida cases for the proposition that the allegations of a complaint determine an insurer's duty to defend, see National Union Fire Ins. Co. v. Lenox Liquors, Inc., 358 So.2d 533 (Fla. 1977), and thus Hartford was under a duty to defend Nateman.
We disagree with this conclusion. While, as a general rule, the obligation to defend an insured against an action, whether groundless or not, must be measured and determined by the allegations of the petition rather than the outcome of the litigation, an obvious exception must be made in those instances where, notwithstanding allegations in the petition to the contrary, the insurer successfully urges the alleged insured is not in fact an insured under the policy. Smith v. Insurance Co. of State of Pennsylvania, 161 So.2d 903 (La. App. 1964).
The insurer is not obligated to provide a defense for a stranger merely because the plaintiff alleges that the defendant is an insured or alleges facts which, if true, would make the defendant an insured. The mere allegations of the plaintiff's petition may not create an obligation on the part of the insurer to defend where no such obligation previously existed. Id. See Michaels v. United States Fidelity & Guar. Co., 129 So.2d 427 (Fla. 2d DCA 1961) (where liability policy of contractor afforded no coverage to crane operator, contractor's insurance company was under no duty to defend); see also Keithan v. Massachusetts Bonding & Ins. Co., 159 Conn. 128, 267 A.2d 660 (1970) (lessee's liability insurer was under no contract duty to provide a defense for worker who was in fact not an insured under policy, simply because a third party had alleged facts which if true would have given worker the status of an insured); Navajo Freight Lines, Inc. v. Liberty Mut. Ins. Co., 12 Ariz. App. 424, 471 P.2d 309 (1970) (a sine qua non to the existence of any obligation to defend, or pay, whether the suit be groundless or otherwise, is the preexisting relationship of insurer and insured); Ricciardi v. Bernasconi, 105 N.J. Super. 525, 253 A.2d 487 (1969) (liability carrier owes no duty to defend one who cannot qualify as an insured); Butler v. Maryland Cas. Co., 147 F. Supp. 391, 395 (E.D.La. 1956) (allegations in the plaintiff's petition cannot create an obligation on the part of the insurer to defend where none previously existed).
At the outset, we observe that in cases where one is alleged to be an additional insured, it is much more feasible to ascertain initially the question of who is covered as opposed to the issue of what the coverage is. While we acknowledge the viability of the general rule that the allegations of the complaint determine an insurer's duty to defend, it would be imprudent and illogical to confer such a duty upon an insurer as to a party who is not an insured. We agree with the courts cited above that the creation of the basic insurer-insured relationship and the ensuing duty to defend cannot be left to the imagination of the drafter of a complaint, Navajo Freight Lines, Inc., 471 P.2d at 315, and as to who is an insured, the facts as they actually exist must be determinative.
Considering now the actual relationship between Nateman and Baptist Hospital, the facts are clear. Under their contractual arrangement, Nateman, on behalf of his professional association, had disclaimed that he or any of his associate physicians or employees would be considered agents or employees of Baptist Hospital. That contract in plain and unambiguous terminology established Nateman's association as an independent contractor for the rendition of medical services at the hospital. Essentially, all deposition testimony was *1028 confirmatory of this unassailably definite position.
Nateman clearly held the status of an independent contractor. Daniel v. Pacific Northwest Bell Tel. Co., 20 Wash. App. 444, 580 P.2d 652 (1978) (where plaintiff performed services under contract which stated plaintiff was an independent contractor, characterization of plaintiff's employment as that of an independent contractor was binding as between plaintiff and employer). Further, Baptist Hospital's insurance contract with Hartford was in no way ambiguous and left no room for doubt but that independent contractors were not covered by the insurance contract's provisions. Nateman claimed coverage through the policy's use of the terms "employee" and "director." He alleged these words to be ambiguous and argued for coverage on that basis. We disagree.
As stated in Security Ins. Co. of Hartford v. Commercial Credit Equip. Corp., 399 So.2d 31, 34 (Fla. 3d DCA), review denied, 411 So.2d 384 (Fla. 1981), "[W]hen a policy provision remains undefined, common everyday usage determines its meaning." Clear and unambiguous language in a policy should be accorded its natural meaning, and courts should not extend strictness in construction to the point of adding different meaning to language that is clear. Miller Elec. Co. v. Employers' Liab. Assurance Corp., 171 So.2d 40 (Fla. 1st DCA 1965); see also Certain British Underwriters at Lloyds of London, England v. Jet Charter Serv., Inc., 789 F.2d 1534, 1536 (11th Cir.1986); Eagle Star Ins. Co. v. Deal, 474 F.2d 1216, 1220 (8th Cir.1973) (undefined terms of an insurance policy, such as "employee" must be construed in their plain, ordinary and everyday sense and the parameters of the definition should reflect the legal characteristics most frequently attributed to the word). We concur with the trial court's conclusion here, that when given their common, plain, and ordinary meanings, the contract terms "employee" and "director" of the named insured simply could not be construed or interpreted to encompass an independent contractor such as Nateman.
For the foregoing reasons, the declaratory judgment determining that Nateman was not entitled to a defense or indemnity as an additional insured under Hartford's policy with Baptist Hospital is affirmed.
NOTES
[*] Judge Baskin did not participate in oral argument.