BOOTH, Judge.
This cause is before us on appeal from the trial court’s entry of summary judgment for *138 Appellee Floridin. Floridin, a mining company, filed a third-party complaint against Appellant, an insurance company, claiming that Appellant had a duty to defend Floridin in a previously filed negligence action against Floridin and Dupont Trucking (Appellant’s named insured) which arose out of an automobile accident between a motorist (plaintiff) and Dupont, while Dupont was transporting material under its contract with Floridin. The trial court entered summary judgment for Floridin, ruling that Appellant had a duty to defend Floridin in the negligence action.
On appeal, Appellant argues that it did not have a duty to defend Floridin because, under the actual facts of the primary case, Floridin did not qualify for coverage as an additional insured under the Dupont/Appel-lant policy. We hold, however, that Appellant’s duty to defend Floridin arose because a fair reading of the complaint revealed facts, such as Floridin’s high degree of control over Dupont’s activities, indicating that the policy would potentially cover Floridin’s liability. The law is well settled on this point. National Union Fire Ins. Co. v. Lenox Liquors, Inc., 358 So.2d 533, 536 (Fla.1977); Fun Spree Vacations, Inc. v. Orion Ins. Co., 659 So.2d 419, 421 (Fla. 3d DCA 1995); Psychiatric Assoc. v. St. Paul Fire & Marine Ins. Co., 647 So.2d 134, 137 (Fla. 1st DCA 1994); Grissom v. Commercial Union Ins. Co., 610 So.2d 1299, 1306-07 (Fla. 1st DCA 1992), rev. denied, 621 So.2d 1065 (Fla.1993); Baron Oil Co. v. Nationwide Mut. Fire Ins. Co., 470 So.2d 810 (Fla. 1st DCA 1985). Thus, the trial court properly entered summary judgment for Appellee Floridin.
We note that Nateman v. Hartford Cas. Ins. Co., 544 So.2d 1026 (Fla. 3d DCA)(holding that facts, and not the allegations in the complaint, may be relied upon when determining whether there is a duty to defend), rev. denied, 553 So.2d 1166 (Fla.1989), is distinguishable from the instant case. In Nateman, the appellate court applied an exception to the well-settled rule because, under the facts in Nateman, 544 So.2d at 1028, there was “no room for doubt” that the appellant was not insured and, thus, the insurer did not have a duty to defend. In contrast, in the instant case Floridin is potentially an additional insured under the policy based on the allegations in the complaint and the broad policy coverage provided to “anyone” liable for Dupont’s conduct. Summary judgment is hereby AFFIRMED.
JOANOS and WOLF, JJ., concur.