[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13249

Non-Argument Calendar

_____

EMPLOYERS INSURANCE COMPANY OF WAUSAU,

Plaintiff-Appellant,

*versus*

MICHAEL A. POOL,
THOMAS C. SERVINSKY,
MARIE L. SERVINSKY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

D.C. Docket No. 2:22-cv-14146-AMC

————————————

Before NEWSOM, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Following a car accident, the Servinskys—the victims—filed suit against Michael Pool—the alleged tortfeasor—to collect damages. Nearly three years after that action began in Florida state court, Employers Insurance Company—the provider that purportedly insured Pool—sought a declaratory judgment against both Pool and the Servinskys in federal district court on three issues: (1) that Pool isn't an "insured" individual under the policy, (2) that Employers doesn't have a duty to defend Pool in the underlying action, and (3) that Employers has no duty to indemnify Pool in the event he is found liable. The district court dismissed the action on all three issues. Employers Insurance appeals.

The facts are known to the parties, and we repeat them here only as necessary to decide the case. After carefully considering the record and the parties' arguments, we affirm.

**I**

Employers first contests the district court's refusal to consider whether Pool is "insured" under the car insurance policy. In 2016, Employers issued an auto insurance policy to Ebsary Foundation Company Inc. that covered "[a]nyone . . . using with [Ebsary's] permission a covered 'auto' [Ebsary] own[s], hire[s] or borrow[s]." When the accident occurred, the parties agree that

Pool was driving an Ebsary-owned car but disagree about whether he had Ebsary's permission to use it.  Employers sought declaratory judgment to settle the question.

We review the district court's dismissal of a declaratory judgment action for abuse of discretion.  *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005).  A district court decides whether to exercise its discretionary authority to issue a declaratory judgment by reference to the nine factors outlined in *Ameritas Variable Life Insurance Company v. Roach*.  *Id.*  An abuse of discretion may occur "[1] when a relevant factor that should have been given significant weight is not considered; [2] when an irrelevant or improper factor is considered and given significant weight; and [3] when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment."  *Id.*  Employers contends that the district court ignored most of the *Ameritas* factors and instead improperly focused on the seventh and eighth factors, which consider the underlying factual disputes and whether the case is better decided in state court.

Employers' claim fails on two fronts.  First, it seems that the district court *did* consider all the *Ameritas* factors but simply chose to emphasize the few factors that it found particularly compelling. After listing all nine factors in its Order, the court found that "[t]he *Ameritas* guideposts militate in favor of abstaining here, most principally because a determination of whether Pool is an insured overlaps with facts at issue in the Underlying Lawsuit."  That passage

signals that the district court considered all the factors but only chose to elaborate on the most applicable ones.

Second, even if the district court had only explicitly mentioned two of the nine factors in its Order, it's not clear that would have been erroneous under current Circuit precedent. "[I]n *Ameritas* itself, we affirmed the district court's decision to dismiss the declaratory-judgment action before it even though the district court expressly considered only three of the specific factors we articulated." *Gold-Fogel v. Fogel*, 16 F.4th 790, 798 (11th Cir. 2021). "Indeed, district courts may sometimes dismiss declaratory judgment actions without considering any of the *Ameritas* guideposts." *National Trust Ins. Co. v. S. Heating & Cooling Inc.*, 12 F.4th 1278, 1286 (11th Cir. 2021). Instead, the district court need only "capture the breadth of the competing interests." *James River Ins. Co. v. Rich Bon Corp.*, 34 F.4th 1054, 1060–61 (11th Cir. 2022) (holding that a district court may not "cherry pick" *claims* in a declaratory judgment action but remaining silent on whether a district court must explicitly consider all *Ameritas factors*). We may affirm as long as "the record reflects that the district court appropriately considered the parties' arguments and applied the *Ameritas* doctrine, even if it did not ultimately address each factor in writing." *Gold-Fogel*, 16 F.4th at 798.

The record reveals that the district court did consider all of the *Ameritas* factors. But even if it had relied only on factors seven and eight, it didn't err in doing so as the record evinces that the court considered the parties' arguments and applied the relevant

framework. Thus, the district court didn't abuse its discretion in dismissing Employers' first claim.

## II

Employers next contends that the district court erred in dismissing its declaratory-judgment complaint as to its duty-to-defend claim. Under Florida law, the "eight corners rule" determines the scope of an insurance company's duty to defend. *Jones v. Fla. Ins. Guar. Ass'n, Inc.*, 908 So.2d 435, 442–43 (Fla. 2005). Referring to the four corners of the insurance policy and the four corners of the underlying complaint, the "eight corners rule" provides that an insurer's duty to defend its insured "arises when the complaint alleges facts that fairly and potentially bring the suit within policy coverage." *Id.* Under the rule, no extrinsic evidence may be used to contest the allegations in the complaint. Instead, an insurance provider's duty to defend "depends *solely* on the facts and legal theories alleged in the pleadings and claims against the insured." *Stephens v. Mid-Continent Cas. Co.*, 749 F.3d 1318, 1323 (11th Cir. 2014) (citation omitted).

The underlying complaint clearly alleges that Pool had permission to use Ebsary's car, and the insurance policy squarely covers individuals who have Ebsary's permission to use its covered vehicles. Thus, on the eight corners, it seems that Pool is an insured under the policy, which triggers Employers' duty to defend him in the underlying action.

While Employers apparently concedes that the "eight corners rule" is relevant, it insists that that the exception articulated in

*Nateman v. Hartford Cas. Ins. Co.*, 544 So. 2d 1026 (Fla. 3d Dist. Ct. App. 1989), applies. That narrow exception permits a court to consider extrinsic facts if they are (1) undisputed and (2) would have clearly placed the claims outside of the scope of coverage had they been pled in the complaint. *Stephens*, 749 F.3d at 1323. "In *Nateman*, the appellate court applied [this] exception to the well-settled ['eight corners rule'] because . . . there was 'no room for doubt' that the appellant was not insured and, thus, the insurer did not have a duty to defend." *Continental Cas. Co. v. Charleston*, 704 So. 2d 137, 138 (Fla. 1st Dist. Ct. App. 1997).

The district court found that whether Pool had permission to drive Ebsary's vehicle is "explicitly in dispute" in the underlying action. Having failed the first prong to trigger the *Nateman* exception, the court held that the exception didn't apply. That holding makes imminent sense. As before the district court, the parties' briefs on appeal evince a key disagreement over whether Pool had permission to operate Ebsary's vehicle—a far cry from *Nateman*'s requirement of an undisputed fact. Thus, the district court didn't err in declining to apply the *Nateman* exception and relying on the "eight corners rule" alone to dismiss Employers' declaratory judgment action as to its duty to defend Pool.

### III

Finally, Employers contests the district court's determination that its request for declaratory judgment on its duty to indemnify Pool was premature. We will not consider a declaratory judgment action on an insurance company's duty to indemnify until the

underlying suit establishes the tortfeasor's liability. *See Allstate Ins. Co. v. Emp'rs Liab. Assur. Corp.*, 445 F.2d 1278, 1281 (5th Cir. 1971) ("[N]o action for declaratory relief will lie to establish an insurer's liability . . . until a judgment has been rendered against the insured since, until such judgment comes into being, the liabilities are contingent and may never materialize."). Until then, any declaratory judgment would improperly announce a hypothetical obligation (or lack thereof) to indemnify, which "might never arise." *American Fidelity & Cas. Co. v. Pa. Threshermen & Farmers' Mut. Cas. Ins. Co.*, 280 F.2d 453, 461 (5th Cir. 1960).

The underlying lawsuit between Pool and the Servinskys remains pending, and so the district court didn't abuse its discretion in dismissing Employers' final claim.

**AFFIRMED**.